IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., | § | |
| Plaintiff | § | |
| vs. | § | NO.   6:08-cv-262 (LED) |
| CAPTARIS, INC., | § | |
| Defendant. | § | |

**CAPTARIS' ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

In response to the allegations of the Complaint, defendant Captaris, Inc. ("Captaris") states as follows:

I.   ANSWER

1. Regarding the allegations in paragraph 1 of the Complaint, Captaris is without sufficient information to form an opinion as to the truth of the allegations and, on that basis, denies them.

2. Regarding the allegations in paragraph 2 of the Complaint, Captaris admits that it is a Washington corporation with a principal place of business in Bellevue, Washington. Captaris admits that its business includes the services described in paragraph 2 of the Complaint and that it may have customers in this district.

3. Regarding the allegations in paragraph 3 of the Complaint, Captaris admits that the Complaint purports to state an action for patent infringement and that the Court has subject matter jurisdiction over plaintiff's alleged claims.

4.     Regarding the allegations in paragraph 4 of the Complaint, Captaris admits that the Court has personal jurisdiction over it in this case.  Captaris denies the remainder of the allegations in paragraph 4 of the Complaint.

5.     Regarding the allegations in paragraph 5 of the Complaint, Captaris that venue may be proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(d), but Captaris asserts that venue in this Court is not convenient and does not comport with the interests of justice.  Captaris denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.     Regarding the allegations in paragraph 6 of the Complaint, Captaris reiterates and incorporates herein the answers of paragraphs 1 through 5 above as if fully set forth herein.

7.     Regarding the allegations in paragraph 7 of the Complaint, Captaris admits that U.S. Patent No. 6,597,688 ("the '688 Patent") is entitled "Scalable Architecture for Transmission of Messages over a Network," that the '688 Patent issued on July 22, 2003 to Anand Narasimhan, Yaacov Shemesh and Amit Kumar, and that a copy of the '688 Patent appears to be attached as Exhibit A to the Complaint.  Captaris denies that the '688 Patent was duly and legally issued.

8.     Regarding the allegations in paragraph 8 of the Complaint, Captaris is without sufficient information to form an opinion as to the truth of the allegation that j2 owns by assignment the entire right, title and interest in and to the '688 Patent, including the right to sue for past, present, and future infringements thereof, and, on that basis, denies the allegation.  Captaris denies the remainder of the allegations in paragraph 8 of the Complaint.

9.     Regarding the allegations in paragraph 9 of the Complaint, Captaris denies the allegations.

10. Regarding the allegations in paragraph 10 of the Complaint, Captaris admits that its activities have been without express or implied license by plaintiff but denies that its activities require express or implied license by plaintiff.

11. Regarding the allegations in paragraph 11 of the Complaint, Captaris denies the allegations. Captaris further denies that plaintiff is entitled to any relief.

12. Regarding the allegations in paragraph 12 of the Complaint, Captaris denies the allegations. Captaris further denies that plaintiff is entitled to any relief.

13. Regarding the allegations in paragraph 13 of the Complaint, Captaris denies the allegations. Captaris further denies that plaintiff is entitled to any relief.

14. Regarding the allegations in paragraph 14 of the Complaint, Captaris reiterates and incorporates herein the answers of paragraphs 1 through 13 above as if fully set forth herein.

15. Regarding the allegations in paragraph 15 of the Complaint, Captaris admits that U.S. Patent No. 7,020,132 ("the '132 Patent") is entitled "Scalable Architecture for Transmission of Messages over a Network," that the '132 Patent issued on March 28, 2006 to Anand Narasimhan, Yaacov Shemesh and Amit Kumar, and that a copy of the '132 Patent appears to be attached as Exhibit B to the Complaint. Captaris denies that the '132 Patent was duly and legally issued.

16. Regarding the allegations in paragraph 16 of the Complaint, Captaris is without sufficient information to form an opinion as to the truth of the allegation that j2 owns by assignment the entire right, title and interest in and to the '132 Patent, including the right to sue for past, present, and future infringements thereof, and, on that basis, denies the allegation. Captaris denies the remainder of the allegations in paragraph 16 of the Complaint.

12014-1069/LEGAL14587393.2

17. Regarding the allegations in paragraph 17 of the Complaint, Captaris denies the allegations.

18. Regarding the allegations in paragraph 18 of the Complaint, Captaris admits that its activities have been without express or implied license by plaintiff but denies that its activities require express or implied license by j2.

19. Regarding the allegations in paragraph 19 of the Complaint, Captaris denies the allegations. Captaris further denies that plaintiff is entitled to any relief.

20. Regarding the allegations in paragraph 20 of the Complaint, Captaris denies the allegations. Captaris further denies that plaintiff is entitled to any relief.

21. Regarding the allegations in paragraph 21 of the Complaint, Captaris denies the allegations. Captaris further denies that plaintiff is entitled to any relief.

22. To the extent any allegations of the Complaint are not addressed above, they are denied.

23. Captaris denies that plaintiff is entitled to any relief.

## II.     AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Captaris asserts the following defenses:

### First Affirmative Defense

Venue in this Court is not convenient and does not comport with the interests of justice.

### Second Affirmative Defense

Captaris has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent 6,597,688 No. ("the '688 Patent"), and Captaris is not liable for any act that would be construed as any form of infringement of the '688 Patent.

### Third Affirmative Defense

Captaris has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent No. 7,020,132 ("the '132 Patent"), and Captaris is not liable for any act that would be construed as any form of infringement of the '132 Patent.

**Fourth Affirmative Defense**

The statements, representations, and admissions made by the inventors or their representatives to the U.S. Patent and Trademark Office during prosecution of the application that matured into the '688 Patent estop Plaintiff from asserting that the claims of the patent encompass or are infringed by Captaris.

**Fifth Affirmative Defense**

The statements, representations, and admissions made by the inventors or their representatives to the U.S. Patent and Trademark Office during prosecution of the application that matured into the '132 Patent estop Plaintiff from asserting that the claims of the patent encompass or are infringed by Captaris.

**Sixth Affirmative Defense**

On information and belief, a reasonable opportunity for discovery will establish that plaintiff should be estopped from seeking relief from Captaris due to the doctrine of equitable estoppel.

**Seventh Affirmative Defense**

On information and belief, a reasonable opportunity for discovery will establish that any purported damages claimed by plaintiff should be limited by the doctrine of laches.

**Eighth Affirmative Defense**

The '688 Patent and the '132 Patent are invalid and/or no damages may be received by Plaintiff pursuant to one or more provisions of 35 U.S.C. § 101, *et. seq.*, including, but not

limited to §§ 102, 103, 112, 286 and/or 287.  Among other things, Captaris' RightFax product was used, sold, and offered for sale more than one year before the filing dates for the applications leading to the '688 and '132 Patents and constitutes prior art that anticipates or renders obvious the '688 and '132 Patents

### Ninth Affirmative Defense

Captaris reserves the right to assert such other defenses as may appear as discovery proceeds in this case, including but not limited to the following affirmative defenses:  (1) that Plaintiff's claims are barred, in whole or in part, by the inequitable conduct on the part of Plaintiff and/or the purported inventors and by the doctrine of unclean hands; and (2) that Plaintiff's Complaint, including each purported claim for relief set forth therein, fails to state a claim for which relief may be granted.

### III.    COUNTERCLAIMS

For its counterclaims, Captaris alleges as follows:

1. Captaris incorporates its admissions, denials, and responses above as if fully set forth herein.

2. Captaris is a Washington corporation with a principal place of business at 10885 N.E. 4th Street, Suite 400, Bellevue, WA 98004.

3. On information and belief, plaintiff j2 Global Communications, Inc. is a Delaware corporation with its principal place of business located at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California 90028.

4. There is a justiciable controversy between Captaris and plaintiff as to whether Captaris has infringed any patent rights owned by plaintiff, including any valid claims of the '688 Patent.

5. There is a justiciable controversy between Captaris and plaintiff as to whether Captaris has infringed any patent rights owned by plaintiff, including any valid claims of the '132 Patent.

6. In March of 2005, Venali, Inc. filed a request for reexamination of the '688 Patent with the United States Patent and Trademark Office. Among other references, the request for reexamination cited various new prior art documents relating to versions 4.5 and 5.0 of the RightFax product.

7. Captaris creates and distributes product manuals, including Installation and Administration Guides, describing various aspects of its RightFax products. Captaris created and distributed product manuals describing various aspects of versions 4.5 and 5.0 of the RightFax product, as well as other versions of its RightFax product.

8. Upon information and belief, plaintiff was aware of the existence of, and had access to, the RightFax product manuals during the pendency of the '688 patent reexamination proceedings but did not disclose any of these manuals to the United States Patent and Trademark Office.

9. In a December 6, 2006 Office Action, the Examiner in the reexamination proceedings of the '688 Patent concluded that although the RightFax product was prior art, the articles relating to the RightFax product cited during the reexamination proceedings did not teach the network architecture recited in the claims. Specifically, the Examiner stated that the RightFax articles did not "include a processing server communicatively coupled to a separate database server by an internal, packet-switched network."

10. The RightFax Installation and Administration Guides disclose the use of the RightFax software on one server coupled to a database server over an internal (packet-switched) network.

11. The RightFax product is anticipatory prior art under 35 U.S.C. § 102(b).

12. Captaris has not infringed any patent rights owned by plaintiff, including any valid claims of the '688 and '132 Patents, and is entitled to a declaratory judgment that it has not infringed.

13. Captaris has not induced infringement of any patent rights owned by plaintiff, including any valid claims of the '688 and '132 Patents, and is entitled to a declaratory judgment that it has not induced infringement.

14. Captaris has not contributed to infringement of any patent rights owned by plaintiff, including any valid claims of the '688 and '132 Patents, and is entitled to a declaratory judgment that it has not contributed to infringement.

15. The relevant claims of the '688 Patent are invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112, and Captaris is entitled to a declaratory judgment that the relevant claims of the '688 Patent are invalid.

16. The relevant claims of the '132 Patent are invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112, and Captaris is entitled to a declaratory judgment that the relevant claims of the '132 Patent are invalid.

## IV.   REQUEST FOR RELIEF

Wherefore, Captaris prays for judgment as follows:

A. That plaintiff takes nothing by way of the Complaint, and that the Complaint be dismissed with prejudice;

12014-1069/LEGAL14587393.2

- 9 -

  B. That the Court issue a declaratory judgment that Captaris has not infringed, induced infringement of, or contributed to the infringement of any patent rights owned by plaintiff, including any valid claims of the '688 and '132 Patents;

  C. That the Court issue a declaratory judgment that the relevant claims of the '688 Patent are invalid.

  D. That the Court issue a declaratory judgment that the relevant claims of the '132 Patent are invalid.

  E. That the Court enjoin plaintiff, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from asserting that Captaris has infringed plaintiff's patent rights in any manner;

  F. That the Court award Captaris its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

  G. That the Court grants such other relief as it deems just, equitable, and proper.

12014-1069/LEGAL14587393.2

Dated:  August 20, 2008

Respectfully submitted,

*/s/ Michael E. Jones*

Michael E. Jones
SBN 10929400
Potter Minton PC
110 N. College
500 Plaza Tower
Tyler, TX  75702
Tel:  903-597-8311/Fax:  903-593-0846
Email:  mikejones@potterminton.com


Ramsey M. Al-Salam (*pro hac vice pending*)
RAlSalam@perkinscoie.com
Elana Sabovic Matt (*pro hac vice pending*)
EMatt@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Tel:  206-359-8000/Fax:  206-359-9000

Attorneys For Defendant Captaris, Inc.

12014-1069/LEGAL14587393.2

## CERTIFICATE OF SERVICE

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 20th day of August, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class U.S. mail on this same date.

                                      */s/ Michael E. Jones*