

1  Laura A. Wytsma (State Bar No. 189527)
   lwytsma@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Ste. 2200
3  Los Angeles, California 90067-4120
   Telephone:  (310) 282-2000
4  Facsimile:   (310) 282-2200

5  Timothy J. Carroll (Admitted *pro hac vice*)
   tcarroll@loeb.com
6  Matthew F. Carmody (Admitted *pro hac vice*)
   mcarmody@loeb.com
7  LOEB & LOEB LLP
   321 N. Clark Street, Ste. 2300
8  Chicago, Illinois 60654
   Telephone:  (312) 464-3100
9  Facsimile:   (312) 464-3111

10 Attorneys for Defendant
   CAPTARIS, INC.

11

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15 j2 GLOBAL COMMUNICATIONS,          No. CV09-4150 DDP (AJWx)
   INC.,
16                                     SECOND AMENDED ANSWER AND
            Plaintiff,                 COUNTERCLAIM OF DEFENDANT
17                                     CAPTARIS, INC. TO PLAINTIFF
        v.                             J2 GLOBAL COMMUNICATIONS,
18                                     INC.'S COMPLAINT FOR PATENT
   CAPTARIS, INC.,                     INFRINGEMENT
19
            Defendant.                 JURY TRIAL DEMANDED
20

21 CAPTARIS, INC.

22         Counterclaimant,

23
        v.
24
25 j2 GLOBAL COMMUNICATIONS,
   INC.,
26
           Counterdefendant.
27

28
                                              CAPTARIS' SECOND AMENDED ANSWER
                                                          AND COUNTERCLAIM
                                                     No. CV09-4150 DDP (AJWx)

1    In response to the allegations of the Complaint, defendant Captaris, Inc.
2  ("Captaris") states as follows:

3    1.    Captaris is without sufficient information to form an opinion as to the
4  truth of the allegations in paragraph 1 and, on that basis, denies them.

5    2.    Captaris admits that it is a Washington corporation with a principal
6  place of business in Bellevue, Washington.  Captaris admits that its business
7  includes the services described in paragraph 2 of the Complaint and that it may have
8  customers in this district.

9    3.    Captaris admits that the Complaint purports to state an action for patent
10  infringement, and that the Court has subject matter jurisdiction over plaintiff's
11  alleged claims.

12    4.    Captaris admits that the Court has personal jurisdiction over it in this
13  case.  Captaris denies the remainder of the allegations in paragraph 4 of the
14  Complaint.

15    5.    Captaris admits that venue may be proper in the Eastern District of
16  Texas pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(d), but Captaris asserts
17  that venue is not convenient and does not comport with the interests of justice.
18  Captaris denies the remaining allegations contained in paragraph 5 of the Complaint.

19    6.    Captaris restates and incorporates herein the answers of paragraphs 1
20  through 5 above as if fully set forth herein.

21    7.    Captaris admits that U.S. Patent No. 6,597,688 ("the '688 patent") is
22  entitled "Scalable Architecture for Transmission of Messages over a Network," that
23  the '688 patent issued on July 22, 2003 to Anand Narasimhan, Yaacov Shemesh and
24  Amit Kumar, and that a copy of the '688 patent appears to be attached as Exhibit A
25  to the Complaint.  Captaris denies that the '688 patent was duly and legally issued.

26    8.    Captaris is without sufficient information to form an opinion as to the
27  truth of the allegation that j2 owns by assignment the entire right, title and interest in
28  and to the '688 patent, including the right to sue for past, present, and future

1  infringements thereof, and, on that basis, denies the allegation. Captaris denies the
2  remainder of the allegations in paragraph 8 of the Complaint.

3       9.      Captaris denies the allegations in paragraph 9 of the Complaint.

4       10.     Captaris admits that its activities have been without express or implied
5  license by plaintiff but denies that its activities require express or implied license by
6  plaintiff.

7       11.     Captaris denies the allegations of paragraph 11 of the Complaint.
8  Captaris further denies that plaintiff is entitled to any relief.

9       12.     Captaris denies the allegations in paragraph 12 of the Complaint.
10  Captaris further denies that plaintiff is entitled to any relief.

11       13.     Captaris denies the allegations in paragraph 13 of the Complaint.
12  Captaris further denies that plaintiff is entitled to any relief.

13       14.     Captaris restates and incorporates herein the answers of paragraphs 1
14  through 13 above as if fully set forth herein.

15       15.     Captaris admits that U.S. Patent No. 7,020,132 ("the '132 patent") is
16  entitled "Scalable Architecture for Transmission of Messages over a Network," that
17  the '132 Patent issued on March 28, 2006 to Anand Narasimhan, Yaacov Shemesh
18  and Amit Kumar, and that a copy of the '132 patent appears to be attached as
19  Exhibit B to the Complaint. Captaris denies that the '132 patent was duly and
20  legally issued.

21       16.     Captaris is without sufficient information to form an opinion as to the
22  truth of the allegation that j2 owns by assignment the entire right, title and interest in
23  and to the '132 patent, including the right to sue for past, present, and future
24  infringements thereof, and, on that basis, denies the allegation. Captaris denies the
25  remainder of the allegations in paragraph 16 of the Complaint.

26       17.     Captaris denies the allegations of paragraph 17 of the Complaint.

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

18.     Captaris admits that its activities have been without express or implied license by plaintiff but denies that its activities require express or implied license by j2.

19.     Captaris denies the allegations of paragraph 19 of the Complaint. Captaris further denies that plaintiff is entitled to any relief.

20.     Captaris denies the allegations of paragraph 20 of the Complaint. Captaris further denies that plaintiff is entitled to any relief.

21.     Captaris denies the allegations of paragraph 21 of the Complaint. Captaris further denies that plaintiff is entitled to any relief.

22.     To the extent any allegations of the Complaint are not addressed above, they are denied.

23.     Captaris denies that plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, and without waiving j2's obligation to prove each and every element of its claims, Captaris, Inc. ("Captaris") asserts the following defenses:

24.     Captaris hereby incorporates paragraphs 1-23 of its Amended Answer and paragraphs 1-160 of its Amended Counterclaims as if fully asserted herein.

## First Affirmative Defense

25.     Captaris has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent 6,597,688 No. ("the '688 patent"), and Captaris is not liable for any act that would be construed as any form of infringement of the '688 patent.

## Second Affirmative Defense

26.     Captaris has not infringed, has not contributorily infringed, has not induced infringement of, and is not infringing any claim of U.S. Patent No. 7,020,132 ("the '132 patent"), and Captaris is not liable for any act that would be construed as any form of infringement of the '132 patent.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

3

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

**Third Affirmative Defense**

27.    The statements, representations, and admissions made by the inventors or their representatives to the U.S. Patent and Trademark Office ("PTO") during prosecution of the application that matured into the '688 Patent and '132 Patent estop Plaintiff from asserting that the claims of the patent encompass or are infringed by Captaris.

**Fourth Affirmative Defense**

28.    Plaintiff is not entitled to the relief it seeks in the Complaint due to its own unclean hands.

**Fifth Affirmative Defense**

29.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, based on, *inter alia*, statements, representations and admissions made during the prosecution of the patents-in-suit and/or other positions taken in this and other litigation.

**Sixth Affirmative Defense**

30.    On information and belief, a reasonable opportunity for discovery will establish that any purported damages claimed by plaintiff should be limited by the doctrine of laches.

**Seventh Affirmative Defense**

31.    The '688 patent and the '132 patent are invalid and/or no damages may be received by plaintiff pursuant to one or more provisions of 35 U.S.C. § 101, *et. seq.*, including, but not limited to §§ 102, 103, 112, 286 and/or 287.  Among other things, Captaris' Rightfax product was used, sold and offered for sale more than one year before the filing dates for the applications leading to the '688 and '132 patents and constitutes prior art that anticipates or renders obvious the '688 and '132 patents.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

## Eighth Affirmative Defense

32.   On information and belief, j2's claims for damages and prayer for relief are limited, in whole or in part, by the failure to mark, by itself or by one or more parties licensed to practice the '688 and/or '132 patents, as required by 35 U.S.C. § 287.

## Ninth Affirmative Defense

33.   The '688 patent and '132 patent are unenforceable because the inventors failed to disclose all non-cumulative, material prior art of which they were aware to the PTO during the prosecution of the '688 and '132 patents, as well as the re-examination of the '688 patent.

## Tenth Affirmative Defense

34.   Plaintiff's claims and prayer for relief for inducement and/or contributory infringement are barred prior to service of the instant Complaint as such alleged infringement predates Captaris' actual knowledge '688 patent or the '132 patent.

## Eleventh Affirmative Defense

35.   Plaintiff's claims for damages and prayer for relief are limited, in whole or in part, by its failure to mitigate its damages.

## Twelfth Affirmative Defense

36.   Plaintiff is misusing the '688 patent and '132 patent.  Each of the asserted claims in the '688 patent, and claims 1, 2, 3, 4, 6, 11, 14, 15 and 16 of the '132 patent (collectively "the Customer Claims"), require a request message received from a customer of the message delivery service over an external packet-switched data network.

37.   During the prosecution of the '688 patent, the applicants specified that since the request message is received from a customer over the external packet-switched network, the customer does not reside in the internal network:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

1                 Note that the request messages are received from a

2                 customer over the external packet-switched network, in

3                 other words outside of the internal network that contains

4                 the elements of the claimed system. Thus, the customer of

5                 the service in effect "resides" outside of the internal

6                 network. This, of course is desirable because of the

7                 improved security that can be guaranteed for the internal

8                 network elements.

9 June 13, 2002 Preliminary Amendment at 11. The applicant made this argument in

10 order to distinguish the invention from the cited reference.

11       38.       Each of the Customer Claims also requires a router-filter either to

12 validate the customer associated with the request message, or to verify that the

13 request message is from the customer. Thus, for the Customer Claims, the

14 identification of the email sender from the external network must be verified in

15 order to forward the request message to the ultimate destination.

16       39.       Contrary to the claimed invention, Captaris' Rightfax system processes

17 inbound faxes by identifying the intended recipient of the fax, verifying the intended

18 recipient as a "user" of the Rightfax system and routing the fax according to the

19 appropriate user preference. Thus, Rightfax verifies the fax recipient within the

20 internal network when it receives an inbound fax rather than verifying the fax sender

21 from the external network, as required by the Customer Claims.

22       40.       In order to read the Rightfax system onto the Customer Claims, j2 has

23 impermissibly attempted to broaden the scope of its claims to cover the Rightfax

24 users, i.e., those residing inside of the internal network. Because j2 has attempted to

25 impermissibly broaden the scope of the '688 and '132 Patents, j2 has committed

26 patent misuse.

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

6

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

1  
## JURY DEMAND

2

     Captaris demands trial by jury on all issues so triable.

3

Dated:  August 7, 2009            LOEB & LOEB LLP

4                                    LAURA A. WYTSMA  
                                  TIMOTHY J. CARROLL

5                                    MATTHEW F. CARMODY

6

7                 By_____*/s/  Laura A. Wytsma*_____  
                                  Laura A. Wytsma

8                              Attorneys for Defendant  
                              CAPTARIS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb  
A Limited Liability Partnership  
Including Professional  
Corporations

7

CAPTARIS' SECOND AMENDED ANSWER  
AND COUNTERCLAIM  
No. CV09-4150 DDP (AJWx)

### CAPTARIS' COUNTERCLAIM

Defendant and Counter-Claimant Captaris, Inc. ("Captaris") for its Amended Counterclaim against Plaintiff and Counter-Defendant j2 Global Communications, Inc. ("j2"), alleges as follows:

### INTRODUCTION

1.     These counterclaims include claims for civil antitrust and anticompetitive behavior, brought in order to seek relief from j2's sham litigation against Captaris, which is part of j2's overall scheme to stifle and exclude competition in the relevant market for internet facsimile services to home and small businesses.  Carrying out a plan hatched by its senior management and others, j2 has embarked on a scheme to purposefully and improperly maintain a monopoly in the relevant market.  The scheme begins with j2 acquiring patents, such as U.S. Patent No. 6,597,688 ("the '688 patent") and U.S. Patent No. 7,020,132 ("the '132 patent") (collectively, the "patents-in-suit"), through acquisition or fraud and/or inequitable conduct upon the United States Patent and Trademark Office (the "PTO").  Once the patents have been mistakenly granted, j2, either directly or though a cadre of patent litigation vehicles, systematically threatens its competitors by demanding that they pay licensing fees, without regard as to whether those competitors actually infringe the patent rights of j2 or its litigation subsidiaries.  Any competitors that refuse to capitulate to j2 and its litigation subsidiaries' extortion are sued in patent infringement proceedings, despite the fact that the lawsuits are objectively baseless such that no reasonable litigant would expect success on the merits.

2.     In recent years, j2 and its patent litigation vehicles have initiated scores of lawsuits against its competitors and potential competitors.  Once named in costly patent infringement proceedings, j2's competitors are offered settlements by j2 and its litigation subsidiaries that are carefully calculated to be far less than the cost of defending patent litigation.  Many of j2's competitors have opted to settle and pay j2 or its litigation subsidiaries' licensing fees, despite their belief that j2's claims were

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

8

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

1  baseless, deeming it preferable to incurring legal fees that well exceed the cost of

2  the proposed license,  j2 and its litigation subsidiaries then highlight these extorted

3  settlements as litigation "successes," attempting to mislead the public and the courts

4  that its infringement claims have validity on the merits.  Tellingly, j2 has never

5  prevailed on the merits in these patent infringement claims.  In fact, j2 recently lost

6  a dispositive ruling on infringement on summary judgment.

7       3.      j2's competitors have attempted to fight back against j2's predatory

8  campaign to extort competitors by asserting and threatening costly sham litigation.

9  Within the last four years, at least four different entities in four different federal

10  jurisdictions in the United States and in Canada have brought claims against j2 for

11  antitrust violations and a pattern of anticompetitive behavior based on this very

12  conduct.  Captaris does the same here.

13       4.      As a result of these and other illegal acts, j2 has: (i) unreasonably

14  restrained, suppressed and eliminated competition in the market for internet facsimile

15  services to home offices and businesses; (ii) illegally maintained its monopoly in the

16  market for internet facsimile services to homes and small businesses; and (iii)

17  damaged consumers by unlawfully depriving the public of the benefits of

18  competition.  This wrongful conduct has injured Captaris, other fellow competitors

19  of j2, and end-user consumers.

20       5.      Captaris incorporates its admissions, denials and responses above as if

21  fully set forth herein, and further seeks a declaration that the '688 patent and the

22  '132 patent are invalid, cannot be enforced, were obtained through inequitable

23  conduct and/or that Captaris does not infringe the patents-in-suit.

24                       **JURISDICTION AND VENUE**

25       6.      These Counterclaims arise under the laws of the United States, being a

26  civil action brought by Captaris pursuant to Section 7 of the Clayton Act, Sections 1

27  and 2 of the Sherman Antitrust Act, and Sections 16720 and 17200 of the California

28  Business and Professions Code.  The Court has subject matter jurisdiction over this

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

9

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

1  Counterclaim under the provisions of 28 U.S.C. §§ 1331, 1337(a), 1338(a), and
2  1367(a).

3      7.     j2 transacts business in this judicial district and has filed suit in this
4  district.  Venue is therefore proper in accordance with 15 U.S.C. §§ 15 and 22 and
5  28 U.S.C. §§ 1391(b) and (c).  Venue is also proper pursuant to 28 U.S.C. §
6  1400(b), in that this is a patent infringement action arising under the patent laws of
7  the United States, and pursuant to 28 U.S.C. § 1391(b) and (c), in that j2 is subject
8  to the personal jurisdiction of this Court by commencing and continuing to
9  prosecute this action.

10     8.     There is also a justiciable controversy between Captaris and plaintiff as
11  to whether Captaris has infringed any patent rights owned by plaintiff, including any
12  valid claims of the '688 patent or the '132 patent, and whether the patents-in-suit are
13  valid or enforceable.

14                              **PARTIES**

15     9.     Captaris, Inc. is a Washington corporation with a principal place of
16  business at 301 116th Street SE, Bellevue, Washington 98004.

17     10.    As described by j2 in numerous press releases, j2 was founded in 1995
18  and provides messaging and communications services to individuals and businesses
19  around the world.  The company's network "spans more then 1,300 cities in 20
20  countries on five continents."  j2 provides faxing and voicemail services, document
21  management services, conference calling, "unified-messaging" and communications
22  services under the brand names eFax®, jai®, jConnect®, JFAX®, eFax
23  Corporate®, Electric Mail®, jBlast®, eFax Broadcast®, PaperMaster®,
24  Consensus®, M4 Internet® and Protfax®.  j2 recorded gross revenues of
25  approximately $220 million in 2007.  On information and belief, j2 is a Delaware
26  corporation with its principal place of business located at 6922 Hollywood
27  Boulevard, Suite 500, Los Angeles, California 90028.

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

11.     j2 is the largest provider of services in the relevant market, and it is currently believed to control as much as 80% of the relevant market. j2 attempts to maintain and protect this market share through its aggressive campaign of predatory litigation, which is designed to eliminate competition by imposing substantial litigation costs, licensing costs and/or business uncertainty on its competitors. This prevents competitors, including Captaris from either entering the market or being able to compete fairly in the market.

### j2's PATENT LITIGATION SUBSIDIARIES

12.     j2 operates a number of patent litigation subsidiaries, that are either wholly-owned by j2 or through another j2-owned entity such that they are effectively wholly-owned by j2. Through these entities, as well as directly, j2 has engaged in a regular campaign of sham litigation against its competitors in order to extort licensing revenue from them or raise their costs by having to defend costly patent litigation. These litigation subsidiaries, which have no business purpose and offer no goods or services, participate in carrying out j2's unlawful scheme.

13.     j2 carries out its anticompetitive scheme through patent litigation subsidiaries, such as Dynamic Depth, Inc. ("Dynamic Depth") and Catch Curve, Inc. ("Catch Curve"), which do not conduct any business activity other than to extort licensing fees from and initiate legal proceedings against j2's competitors. Catch Curve is organized under the laws of the State of Delaware with its principal place of business at The Biltmore, Suite 205, 817 West Peachtree Street, NW, Atlanta, Georgia, 30308. Dynamic Depth is, upon information and belief, a Delaware corporation that is based out of the same headquarters as j2 in Los Angeles, California. Upon information and belief, the patents held by Catch Curve and Dynamic Depth were actually acquired by j2.

14.     Catch Curve and Dynamic Depth sell no products or services and have not created any additional patents that represent innovation or new inventions. Rather, Catch Curve and Dynamic Depth exist solely to extract money from j2's

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

1  competitors in the Relevant Market (defined below in Paragraph 18) and to harm
2  their efforts to compete and innovate.

3      15.    Upon information and belief, Catch Curve and Dynamic Depth are
4  wholly-owned subsidiaries of j2, they take direction from j2's senior management,
5  they commingle licensing revenues with j2, the patents in their respective portfolios
6  were in fact acquired by j2, and, for all legal purposes, serve as alter-egos of j2.

7      16.    Upon information and belief, j2 has attempted to keep its connection
8  with Catch Curve and Dynamic Depth hidden from the general public.  j2 created
9  Catch Curve and Dynamic Depth without disclosing their creation to its shareholders
10  or to the SEC in its public filings, also it did not disclose its connection to these
11  entities on their websites or on public press releases announcing their creation.
12  These entities function solely as patent litigation subsidiaries, filing lawsuits against
13  providers of internet facsimile services that compete with j2 but refuse to purchase a
14  license from j2 or the litigation subsidiaries.

15                          **THE RELEVANT MARKETS**

16      17.    The Relevant Product Market is internet facsimile services to homes
17  and small businesses.  Companies competing in this market provide individuals and
18  businesses, for a fee, with facsimile numbers and server functions that allow users to
19  send facsimile messages directly from their computers (typically through email
20  systems) and to receive the messages in the form of attachments to emails.

21      18.    The Relevant Geographic Market is the United States.  j2 offers the
22  Relevant Product Market to customers throughout the United States (collectively the
23  "Relevant Market").  j2 is believed to control as much as 80% of the Relevant
24  Market, such that j2 possesses monopolistic market power.  j2's anticompetitive
25  conduct has hindered Captaris' ability to enter and compete against j2 in the
26  Relevant Market.

27      19.    j2's actions as part of, and in furtherance of, the illegal monopolization
28  alleged herein, were authorized, ordered, or done by j2's officers, agents,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)

1  employees, representatives and wholly-owned subsidiaries while actively engaged
2  in the management of j2's affairs.

3      20.    j2's illegal acts to prevent fair and lawful competition in the United
4  States marketplace for internet facsimile services to homes and small businesses has
5  also resulted in injury to j2's rivals other than Captaris, as well as end-user
6  consumers.

7  **j2's FAILURE TO DISCLOSE MATERIAL INFORMATION TO THE PTO**

8      21.    In the instant lawsuit, and in other sham litigation asserted by one of
9  j2's patent litigation subsidiaries against Captaris, j2 asserts rights under several
10 patents – U.S. Patent No. 5,461,488 ("the '488 patent"), the '688 patent and the '132
11 patent – with designs to foreclose or hinder competition in the Relevant Market.
12 The patents-in-suit were acquired by virtue of j2's knowing failure to reveal to the
13 PTO clear material information that was known by j2 at the time of prosecution
14 and/or re-examination.  Upon information and belief, this inequitable conduct was
15 committed with deceptive intent, and such misconduct renders the patents-in-suit
16 invalid and unenforceable.

17     22.    In particular, j2 asserted infringement under the '688 Patent against
18 Venali, Inc. in *J2 Global Communications, Inc. v. Venali, Inc.*, Case No. CV04-
19 01172 (C.D. Cal.).  During that litigation, Venali filed a request for ex parte re-
20 examination of the '688 patent with the PTO, which the PTO granted on May 12,
21 2005.

22     23.    Applicable regulations require that "[e]ach individual associated with
23 the patent owner in a reexamination proceeding has a duty of candor and good faith
24 in dealing with the Office, which includes a duty to disclose to the Office all
25 information known to that individual to be material to patentability in a
26 reexamination proceeding." 37 C.F.R. § 1.555.

27     24.    Applicable regulations also require that "Any information disclosure
28 statement . . . should be filed [with the PTO] within two months of the date of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13

CAPTARIS' SECOND AMENDED ANSWER
AND COUNTERCLAIM
No. CV09-4150 DDP (AJWx)