FILED

2011 AUG 30  PM 3: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C  CALIF.
LOS ANGELES

BY_____

1   COOLEY LLP
    HEIDI L. KEEFE (178960)
2   (HKEEFE@COOLEY.COM)
    MARK R. WEINSTEIN (193043)
3   (MWEINSTEIN@COOLEY.COM)
    SUDHIR A. PALA (261504)
4   (SPALA@COOLEY.COM)
    Five Palo Alto Square
5   3000 El Camino Real
    Palo Alto, CA  94306-2155
6   Telephone:  (650) 843-5000
    Facsimile:  (650) 849-7400
7
8   Attorneys for Non-Party
    Facebook, Inc.

9   COOLEY LLP
    MICHAEL G. RHODES (116127)
10  (RHODESMG@COOLEY.COM)
    101 California Street
11  5th Floor
    San Francisco, CA  94111-5800
12  Telephone:  (415) 693-2000
    Facsimile:  (415) 693-2222
13

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16

17  j2 Global Communications, Inc.;        Case No.  09-cv-4150-DDP
18  Advanced Messaging Technologies,
    Inc.,                                  MDL No. 2297
19
                  Plaintiffs,              NOTICE OF PENDENCY OF OTHER
20                                         ACTION
            v.
21
    Captaris, Inc.; Open Text Corporation,
22
                  Defendants.
23

24

25       TO THE HONORABLE DEAN PREGERSON:

26       Defendants Facebook, Inc. and LinkedIn Corp. in the matter entitled *Unified*

27  *Messaging Solutions LLC v. Facebook, Inc., et al*, Case No. 11-cv-120, currently

28  pending in the Eastern District of Texas, hereby notify this Court that they have

1   filed with the Judicial Panel on Multidistrict Litigation a Motion for Transfer and

2   Coordination of Pretrial Proceedings in the Central District of California, pursuant

3   to 28 U.S.C.§ 1407, which is pending as MDL No. 2297.   A copy of the Motion

4   and Brief in Support is attached hereto as Exhibit A.

5

6   Dated:        August 30, 2011            COOLEY LLP

7

8

9                                           Heidi L. Keefe (178960)

10                                          Attorneys for Non-Party
                                            Facebook, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, Five Palo Alto Square, 3000 El Camino Real, Palo Alto, California 94306-2155. On the date set forth below I served the documents described below in the manner described below:

### NOTICE OF PENDENCY OF OTHER ACTION

☒ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

on the following part(ies) in this action:

## PLEASE SEE ATTACHED SERVICE LIST

Executed on August 30, 2011, at Palo Alto, California.

_____
Jocelyn C. McIntosh

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

968843 v1/HN

3.

NOTICE OF PENDENCY OF OTHER ACTION
09-CV-4150-DPP

## SERVICE LIST

| | |
|---|---|
| Eric M. Albritton<br>Stephen Edwards<br>**Albittron Law Firm**<br>P.O. Box 2649<br>Longview, TX 75606<br><br>**Counsel for Plaintiff:**<br>Unified Messaging Solutions, Inc. | Brent Nelson Bumgardner<br>Thomas Christopher Cecil<br>Christie Brow Lindsey<br>Edward R. Nelson, III<br>**Nelson Bumgardner Casto PC**<br>3131 W. 7th Street<br>Ft. Worth, TX 76107<br><br>**Counsel for Plaintiff:**<br>Unified Messaging Solutions, Inc. |
| Jack Wesley Hill<br>Thomas John Ward, Jr.<br>**Ward & Smith Law Firm**<br>111 W. Tyler Street<br>Longview, TX 75601<br><br>**Counsel for Plaintiff:**<br>Unified Messaging Solutions, Inc. | Neil J. McNabnay<br>Jane Du<br>**Fish & Richardson**<br>1717 Main Street<br>Suite 5000<br>Dallas, TX 75201<br><br>**Counsel for Defendants:**<br>Atmos Energy Corp.; Atmos Energy Services, LLC; eHarmony, Inc.; LinkedIn; Reliant Energy Holdings, LLC; TXU Energy Retail Company LLC; Windstream Corporation; Match.com LLC; |
| Thomas Bernard Walsh, IV<br>Michael Andre Bittner<br>**Fish & Richardson**<br>1717 Main Street<br>Suite 5000<br>Dallas, TX 75201<br><br>**Counsel for Defendant:**<br>Bank of America Corporation; Bank of America, N.A. | Jennifer Parker Ainsworth<br>**Wilson Robertson & Cornelius PC**<br>909 ESE Loop 323<br>Suite 400<br>P.O. Box 7339<br>Tyler, TX 75711-7339<br><br>**Counsel for Defendant:**<br>Bank of America Corporation; Bank of America, N.A. |

| | |
|---|---|
| Michael E. Jones<br>Allen Franklin Gardner<br>**Potter Minton PC**<br>110 N. College<br>Suite 500<br>P.O. Box 359<br>Tyler, TX  75710-0359<br><br>**Counsel for Defendant:**<br>Charter Communications, Inc. | Bradford Lyerla<br>Reginald Hill<br>**Jenner & Block LLP**<br>353 No. Clark Street<br>Chicago, IL  60654<br><br>**Counsel for Defendant:**<br>Charter Communications, Inc. |
| Deron Dacus<br>**Ramey & Flock**<br>100 East Ferguson, Suite 500<br>Tyler, TX  75702<br><br>**Counsel for Defendant:**<br>Comcast Corporation | Lance Lee<br>5511 Plaza Drive<br>Texarkana, TX  75503<br><br>**Counsel for Defendants:**<br>Comerica Incorporated; Comerica Bank |
| Matthew Jakubowski<br>**Brooks & Kushman PC**<br>1000 Town Center<br>22nd Floor<br>Southfield, MI  48075<br><br>**Counsel for Defendants:**<br>Comerica Incorporated; Comerica Bank | Matthew J. Hult<br>**Orrick Herrington Sutcliffe**<br>1000 Marsh Road<br>Menlo Park, CA  94025<br><br>**Counsel for Defendant:**<br>eHarmony, Inc. |
| John M. Guaragna<br>**DLA Piper US LLP**<br>401 Congress Ave.<br>Suite 2500<br>Austin, TX  78701-3799<br><br>**Counsel for Defendant:**<br>E*Trade Financial Corporation;<br>E*Trade Bank | Andrew Devkar<br>Richard de Bodo<br>**DLA Piper LLP**<br>1999 Avenue of the Stars<br>Suite 400<br>Los Angeles, CA  90067<br><br>**Counsel for Defendant:**<br>E*Trade Financial Corporation;<br>E*Trade Bank |

| | |
|---|---|
| Claudia Wilson Frost<br>Jeffrey Lance Johnson<br>**DLA Piper**<br>1000 Louisiana, Suite 2800<br>Houston, TX 77002-5005<br><br>**Counsel for Defendant:**<br>E*Trade Financial Corporation;<br>E*Trade Bank | Michael E. Jones<br>Allen Franklin Gardner<br>**Potter Minton PC**<br>110 N. College<br>Suite 500<br>P.O. Box 359<br>Tyler, TX 75710-0359<br><br>**Counsel for Defendant:**<br>Regions Financial Corporation; Regions Bank |
| John Caracappa<br>Paul Gennari<br>**Steptoe & Johnson**<br>1330 Connecticut Avenue NW<br>Washington, DC 20036<br><br>**Counsel for Defendant:**<br>Regions Financial Corporation; Regions Bank | Jon W. Redden<br>Michael Ernest Richardson<br>**Beck Redden & Secrest LLP**<br>One Houston Center<br>1221 McKinney Street<br>Suite 4500<br>Houston, TX 77010-2020<br><br>**Counsel for Defendant:**<br>Research in Motion Corporation |
| Alan Heinrich<br>Andrei Iancu<br>Eric Hanson<br>Morgan Chu<br>**Irell & Manella**<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067<br><br>**Counsel for Defendant:**<br>Research in Motion Corporation | Rick Rambo<br>Thomas Davis<br>**Morgan Lewis & Bockius**<br>1000 Louisiana Street<br>Suite 4000<br>Houston, TX 77002<br><br>**Counsel for Defendant:**<br>Cequel Communications, LLC dba Suddenlink Communications |
| Vincent Jerome Allen<br>Zachary Hilton<br>**Carstens & Cahoon LLP**<br>P.O. Box 802334<br>13760 Noel Road<br>Suite 900<br>Dallas, TX 75240<br><br>**Counsel for Defendant:**<br>True Beginnings, LLC | Michael E. Jones<br>Allen Gardner<br>**Potter Minton PC**<br>110 N. College<br>Suite 500<br>P.O. Box 359<br>Tyler, TX 75710-0359<br><br>**Counsel for Defendant:**<br>T-Mobile USA, Inc. |

| | |
|---|---|
| Louis Jameson<br>Matthew Yungwirth<br>Alison Haddock<br>**Duane Morris**<br>1180 West Peachtree Street<br>Suite 700<br>Atlanta, GA  30309<br><br>**Counsel for Defendant:**<br>T-Mobile USA, Inc. | Charles Bennett Molster III<br>**Winston & Strawn**<br>1700 K Street, N.W.<br>Washington, DC  20006<br><br>**Attorneys for Defendant:**<br>Verizon Data Services LLC |
| Brian England<br>Edward Johnson<br>Robert Sacks<br>Brook Gotberg<br>Dennis Schmidt<br>**Sullivan & Cromwell LLP**<br>1888 Century Park East, Suite 2100<br>Los Angeles, CA  90067<br><br>**Counsel for Plaintiffs:**<br>j2 Global Communications Inc.;<br>Advanced Messaging Technologies, Inc. | Frank L. Bernstein<br>Megan Olesek<br>Michelle McLeod<br>**Kenyon & Kenyon**<br>333 W. San Carlos Street, Suite 600<br>San Jose, CA  95110<br><br>**Counsel for Plaintiff:**<br>j2 Global Communications Inc. |
| James Knowles<br>Knowles Mediation<br>909 East Southeast Loop 323, Suite 410<br>Tyler, TX  75701<br><br>**Counsel for Movant:**<br>James Knowles, Pro Se | Laura Wytsma<br>William Brody<br>**Loeb & Loeb LLP**<br>10100 Santa Monica Boulevard<br>Suite 2200<br>Los Angeles, CA  90067<br><br>**Counsel for Defendants:**<br>Captaris Inc.; Open Text Corporation |

| | |
|---|---|
| Matthew Carmody<br>Regan Smith<br>Steven Lubezny<br>Timothy J Carroll<br>**Loeb & Loeb**<br>321 North Clark Street, Suite 2300<br>Chicago, IL  60654<br><br>**Counsel for Defendant:**<br>Captaris Inc. | Adrian M. Pruetz<br>Erica J. Pruetz<br>**Pruetz Law Group LLP**<br>200 North Sepulveda Blvd., Suite 1525<br>El Segundo, CA  90245<br><br>**Counsel for Defendant:**<br>EasyLink Services International<br>Corporation |
| Frank A. Cialone<br>Erick Howard<br>**Shartsis Friese & Ginsburg**<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA  94111<br><br>**Counsel for Defendants:**<br>Fax87.com; Farjad Fani; Matt Johnson<br>Finance Inc. | Clement Roberts<br>**Durie Tangri LLP**<br>217 Leidesdorff Street<br>San Francisco, CA  94111<br><br>**Counsel for Defendant:**<br>RingCentral Inc. |
| Dariush Adli<br>Elizabeth Yang<br>**Adli Law Group PC**<br>633 West Fifth Street, Suite 5880<br>Los Angeles, CA  90071<br><br>**Counsel for Plaintiff:**<br>COA Network, Inc. *aka* COA Network<br>Inc. | Dariush Keyhani<br>**Meredith & Keyhani PLLC**<br>315 Park Avenue South, Suite 19<br>New York, NY  10010<br><br>**Counsel for Plaintiff:**<br>COA Network, Inc. *aka* COA Network<br>Inc. |
| Rex Hwang<br>**Lee Hong Degerman Kang & Waimey**<br>660 South Figueroa Street, Suite 2300<br>Los Angeles, CA  90017<br><br>**Counsel for Plaintiff:**<br>COA Network, Inc. *aka* COA Network<br>Inc. | Liza M. Walsh<br>Rukhsanah Lighari<br>**Connell Foley LLP**<br>85 Livingston Avenue<br>Roseland, NJ  07068<br><br>**Counsel for Defendant:**<br>j2 Global Communications, Inc. |

| | |
|---|---|
| R. Garth Ferrell<br>**Mallgreen & Ferrell PC**<br>8480 Est Orchard Road, Suite 6500<br>Greenwood Village, CO  80111<br><br>**Counsel for Third Party Defendant**:<br>Vitelity, LLC | Darren M. Franklin<br>**Sheppard Mullin Richter & Hampton**<br>333 So. Hope Street, 48th Floor<br>Los Angeles, CA  90071<br><br>**Counsel for Third Party Defendant**:<br>Vitelity, LLC |
| Deron Dacus<br>**Ramey & Flock**<br>100 East Ferguson, Suite 500<br>Tyler, TX  75702 | Nextiva, Inc.<br>8125 N. 86th Place<br>Scottsdale, AZ 85258 |

Executed on August 30, 2011, at Palo Alto, California.

_____
Jocelyn C. McIntosh

# EXHIBIT A

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| IN RE | ) | MDL DOCKET NO. _____ |
| BOBO PATENT LITIGATION | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |

**FACEBOOK, INC.'S AND LINKEDIN CORP.'S MOTION FOR TRANSFER AND
COORDINATION OF PRETRIAL PROCEEDINGS
UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407, Facebook, Inc. and LinkedIn Corporation move for transfer and coordination of the following seven infringement actions in the Central District of California for coordinated pretrial proceedings:

1.    *j2 Global Communications, Inc. v. Captaris, Inc.*, 2:09-cv-04150-DDP-AJW (filed June 26, 2008) (hereinafter "*Captaris*");

2.    *COA Network, Inc. v. j2 Global Communications, Inc.*, 2:10-cv-05010-DDP-AJW (filed Dec. 24, 2009) (hereinafter "*COA Network*");

3.    *j2 Global Communications, Inc. v. Fax87.com*, 2:11-cv-02618-DDP-AJW (C.D. Cal., filed Mar. 29, 2011) (hereinafter "*Fax87*");

4.    *Advanced Messaging Technologies Inc. v. EasyLink Services International Corporation*, 2:11-cv-04239-DDP-AJW (C.D. Cal., filed May 17, 2011) (hereinafter "*EasyLink*");

5.    *j2 Global Communications, Inc. v. RingCentral, Inc.*, 2:11-cv-04686-DDP-AJW (C.D. Cal., filed June 1, 2011) (hereinafter "*RingCentral*");

6.   *j2 Global Communications, Inc. v. Nextiva, Inc.*, 2:11-cv-06450-DDP-AJW (C.D. Cal., filed Aug. 5, 2011) (hereinafter "*Nextiva*"); and

7.   *Unified Messaging Solutions LLC v. Facebook, Inc.*, 6:11-cv-00120-LED (E.D. Tex., filed Mar. 15, 2011).

Pursuant to Panel Rule 6.1(b)(ii), a numbered schedule of the seven actions that the moving parties seek to coordinate in a single district for pretrial proceedings is attached as the Schedule of Actions. The grounds in support of the motion are set forth in the accompanying brief. For the reasons set forth therein – namely, to conserve the resources of the judiciary, the parties and their counsel, prevent inconsistent pretrial rulings, and avoid duplication of discovery – Facebook and LinkedIn respectfully request coordination of the seven actions in the Central District of California before Judge Dean Pregerson for pretrial proceedings under 28 U.S.C. § 1407.

Dated:  August 24, 2011                    Respectfully submitted,

By:      */s/ Heidi L. Keefe*
              Heidi L. Keefe
              Mark R. Weinstein
              Sudhir A. Pala
              **COOLEY LLP**
              Five Palo Alto Square
              3000 El Camino Real
              Palo Alto, CA  94306-2155
              Telephone:     (650) 843-5000
              Email:  hkeefe@cooley.com
              Email:  mweinstein@cooley.com
              Email:  spala@cooley.com

              Michael G. Rhodes
              **COOLEY LLP**
              101 California St., 5th Floor
              San Francisco, California  94111
              Tel:  (415) 693-2000
              Email:  mrhodes@cooley.com

Deron Dacus
**RAMEY & FLOCK**
100 East Ferguson, Suite 500
Tyler, TX 75702
Tel: (903) 597-3301
Email: derond@rameyflock.com


Attorneys for Defendant
FACEBOOK, INC.


Dated: August 24, 2011                    Respectfully submitted.

FISH & RICHARDSON P.C.


By: _/s/ Neil J. McNabnay_____
    Neil J. McNabnay
    Texas Bar No. 24002583
    mcnabnay@fr.com
    Taj J. Clayton
    Texas Bar No. 24050427
    clayton@fr.com
    David B. Conrad
    Texas Bar No. 24049042
    conrad@fr.com
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    214-747-5070 (Telephone)
    214-747-2091 (Telecopy)

ATTORNEYS FOR DEFENDANT
LINKEDIN CORPORATION

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| IN RE | ) | MDL DOCKET NO. _____ |
| BOBO PATENT LITIGATION | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**BRIEF IN SUPPORT OF FACEBOOK, INC.'S AND LINKEDIN CORP.'S
MOTION FOR TRANSFER AND COORDINATION OF PRETRIAL
PROCEEDINGS UNDER 28 U.S.C. § 1407**

Heidi L. Keefe
Mark R. Weinstein
Sudhir A. Pala
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Michael G. Rhodes
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California 94111
Tel: (415) 693-2000

Deron Dacus
**Ramey & Flock**
100 East Ferguson, Suite 500
Tyler, TX 75702
Tel: (903) 597-3301

Neil J. McNabnay
Taj J. Clayton
David B. Conrad
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

Attorneys for Defendants
FACEBOOK, INC. and LINKEDIN CORPORATION

## I.    INTRODUCTION

The moving parties herein, Facebook, Inc. ("Facebook") and LinkedIn Corp. ("LinkedIn"), are named defendants in *Unified Messaging Solutions LLC v. Facebook, Inc.*, 6:11-cv-00120-LED (E.D. Tex., filed Mar. 15, 2011), pending in the Eastern District of Texas ("*Unified Messaging* action").    Pursuant to 28 U.S.C. § 1407, Facebook and LinkedIn respectfully move for transfer of the *Unified Messaging* action for coordinated pre-trial proceedings in the Central District of California before the Honorable Dean Pregerson. Coordinated pre-trial proceedings are appropriate in the Central District of California in light of six related actions currently pending in that district[1]:

1.  *j2 Global Communications, Inc. v. Captaris, Inc.*, 2:09-cv-04150-DDP-AJW (filed June 26, 2008) (hereinafter "*Captaris*");

2.  *COA Network, Inc. v. j2 Global Communications, Inc.*, 2:10-cv-05010-DDP-AJW (filed Dec. 24, 2009) (hereinafter "*COA Network*");

3.  *j2 Global Communications, Inc. v. Fax87.com*, 2:11-cv-02618-DDP-AJW (C.D. Cal., filed Mar. 29, 2011) (hereinafter "*Fax87*");

4.  *Advanced Messaging Technologies Inc. v. EasyLink Services International Corporation*, 2:11-cv-04239-DDP-AJW (C.D. Cal., filed May 17, 2011) (hereinafter "*EasyLink*");

5.  *j2 Global Communications, Inc. v. RingCentral, Inc.*, 2:11-cv-04686-DDP-AJW (C.D. Cal., filed June 1, 2011) (hereinafter "*RingCentral*"); and

6.  *j2 Global Communications, Inc. v. Nextiva, Inc.*, 2:11-cv-06450-DDP-AJW (C.D. Cal., filed Aug. 5, 2011) (hereinafter "*Nextiva*").

The *Unified Messaging* action in Texas and the other six actions pending in the Central

---

[1] The operative complaint and docket sheet for each of these actions are attached as Exhibits 1-7 to the Declaration of Sudhir A. Pala in Support of Facebook's and LinkedIn's Motion for Transfer and Coordination of Pretrial Proceedings ("Pala Decl.").

District of California involve allegations of infringement and invalidity of one or more of a family of closely related patents involving computer-based messaging products and services. The six California actions listed above are all pending before Judge Pregerson, who has expended considerable resources on the same legal and factual issues that will be raised in the *Unified Messaging* action in Texas. Accordingly, to conserve the resources of the judiciary, the parties and their counsel, to prevent inconsistent pretrial rulings, and to avoid duplication of discovery, Facebook and LinkedIn respectfully request that the Judicial Panel on Multi-District Litigation ("Panel") transfer the *Unified Messaging* action to the Central District of California for coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407.

## II.   BACKGROUND

### A.   *The Bobo Patent Family*

The *Unified Messaging* action in Texas and the six actions pending in the Central District of California involve a family of eight related patents naming Charles R. Bobo as an inventor. All of the Bobo patents spring from a common application filed originally in April 1995, and all of the subsequent patents claim priority to that same application. One of the earlier patents in the Bobo family is U.S. Patent No. 6,350,066, which has been asserted in the six pending Central District of California actions. *See* Pala Decl., Exs. 2-7, 15. Five later-issued Bobo patents in this family, i.e., U.S. Patent Nos. 6,857,074; 7,836,141; 7,895,306; 7,895,313; and 7,934,148, are asserted in the *Unified Messaging* action. *See* Pala Decl., Exs. 1, 16-20. The '074 patent was also asserted in a previous California case presided over by Judge Pregerson. *See* Pala Decl., Ex. 9 (*Callwave* complaint ¶¶ 43-46).

All of the Bobo patents relate generally to technologies for communicating over the Internet and share substantial similarities with each other. The Bobo patent at issue in the currently-pending Central District of California cases, for example, shares the same title, "Systems and Method for Storing, Delivering, and Managing Messages," the same inventors, a common written description, and had the same prior art cited during their prosecution as the

-2-

Bobo patents in the *Unified Messaging* action. *Compare generally* Pala Decl. Ex. 15 with Exs. 16-20. The patents also have a substantial overlap in actual claim language as explained below. All of the patents are owned by a wholly-owned subsidiary of j2 Global Communications, Advanced Messaging Technologies. *See* Pala Decl., Ex. 21.

**A.    The Bobo Patent Litigation in the Central District of California.**

The first Bobo patent case was filed in February 2004 in the Central District of California. *See j2 Global Commc'ns, Inc. v. Venali, Inc.*, No. 2:04-cv-01172-DDP-AJW (filed Feb. 20, 2004) (hereinafter "*Venali*"). *See* Pala Decl., Ex. 8.[2] The case was assigned to Judge Pregerson and involved allegations of the '066 patent which, as noted, is one of the earlier patents in the Bobo patent family. *See id.* (*Venali* complaint ¶¶ 39-42). *Venali* also involved U.S. Patent No. 6,564,321, a continuation of the '066 patent. Within the next year and a half, j2 filed three more infringement actions in the Central District of California asserting the '066 patent, which were all assigned to Judge Pregerson. *See j2 Global Commc'ns, Inc. v. Callwave, Inc.*, No. 2:04-cv-07068-DDP-AJW (filed Aug. 24, 2004) (hereinafter "*Callwave*"); *j2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, No. 2:05-cv-05610-DDP-AJW (filed Aug. 2, 2005) (hereinafter "*Protus*"); *j2 Global Commc'ns, Inc. v. EasyTel.Net*, No. 2:05-cv-05785-DDP-AJW (filed Aug. 9, 2005) (hereinafter "*EasyTel*"). Pala Decl., Exs. 9-11.

Judge Pregerson has invested considerable judicial resources in understanding the technology and claims of the Bobo patent family. In *Callwave*, Judge Pregerson received claim construction briefs from the parties, received expert testimony regarding three of the Bobo patents, including one of the patents at issue in *Unified Messaging*, and held a day-long claim construction hearing. *See* Pala Decl., Ex. 9 (*Callwave* docket sheet at Nos. 34-35, 37, 44, 46, 49). During the same time period, Judge Pregerson received similarly extensive claim construction briefing in *Venali*, regarding two of the Bobo patents. See Pala Decl., Ex. 8 (*Venali*

---

[2]    Attached as Exhibits 8 through 14 to the Pala Declaration are the complaints in the previous Central District of California actions. Each exhibit contains the operative complaint, followed by the docket sheet for that case as obtained from the PACER system.

docket sheet at Nos. 77, 79). Judge Pregerson subsequently stayed the *Venali*, *Callwave*, *Protus* and *Easytel* cases pending a reexamination of the '066 patent. *See* Pala Decl., Ex. 8 (*Venali* docket sheet at No. 100), Ex. 9 (*Callwave* docket sheet at No. 54), Ex. 10 (*Protus* docket sheet at 18), Ex. 11 (*EasyTel* docket sheet at No. 11).

During the pendency of the stay, j2 filed two more patent infringement cases in the Eastern District of Texas. *See j2 Global Commc'ns v. Captaris, Inc.*, No. 2:04-cv-01172-DDP-AJW (filed June 26, 2008) (hereinafter "*Captaris*"); *j2 Global Commc'ns v. Comodo Group Ltd.*, No. 2:09-cv-04197-DDP-AJW (filed June 30, 2008) (hereinafter "*Comodo*"). *See* Pala Decl., Exs. 2, 12. Both cases were transferred to the Central District of California before any significant proceedings in Texas. *See* Pala Decl., Ex. 2 (*Captaris* docket sheet at No. 74), Ex. 12 (*Comodo* docket sheet at No. 61).

In April 2009, Judge Pregerson lifted the stays in both *Venali* and *Protus*.[3] Because the original claims of the '066 Bobo patent had been cancelled and replaced by new claims during reexamination, Judge Pregerson ordered a new round of *Markman* briefing in *Venali*. *See* Pala Decl., Ex. 8 *(Venali* docket sheet at No. 145). The *Venali* parties filed their second set of opening and responsive claim construction briefs. *See id.* (*Venali* docket sheet at Nos. 160, 162, 164-165). At around the same time, Judge Pregerson also considered opening and responsive claim construction briefs from the parties in *Protus* and in the recently-transferred *Captaris*. *See* Pala Decl., Ex. 10 (*Protus* docket sheet at Nos. 106-107, 111-112), Ex. 2 (*Captaris* docket sheet at Nos. 173, 175, 179-180). At this point in the litigation, Judge Pregerson had considered a total of 20 claim construction briefs regarding the scope of the Bobo patents.

Soon after the stay was lifted, j2 filed two more lawsuits asserting the '066 patent, which were also assigned to Judge Pregerson. *See j2 Global Commc'ns, Inc. v. OneSuite Corp.*, No. 2:09-cv-04014-DDP-AJW (filed June 4, 2009) (hereinafter "*OneSuite*"); *j2 Global Commc'ns v.*

---

[3] *Callwave* was dismissed during the pendency of the stay. *See* Pala Decl., Ex. 9 (*Callwave* docket sheet at No. 60). Although *EasyTel* was never formally dismissed, no party moved the Court for an order lifting the stay, so that case has been largely dormant.

*Zilker Ventures, LLC*, No. 2:09-cv-06300-DDP-AJW (filed Aug. 28, 2009) (hereinafter "*Zilker*"). *See* Pala Decl., Exs. 13-14. By June 2009, Judge Pregerson had already presided over eight cases involving the Bobo patents.

And more cases were soon to come. In December 2009, j2 was the subject of a declaratory judgment action in the District of New Jersey relating to the '066 patent. *COA Network, Inc. v. j2 Global Commc'ns, Inc.*, No. 2:10-cv-05010-DDP-AJW (filed Dec. 24, 2009) (hereinafter "*COA Network*"). *See* Pala Decl., Ex. 3. *COA Network* was soon transferred to the Central District of California, where it was – not surprisingly – assigned to Judge Pregerson. *See id.* (*COA Network* docket sheet at No. 22).

In October 2010, Judge Pregerson held a *Markman* hearing in both *Protus* and *Captaris*.[4] This was Judge Pregerson's second claim construction hearing regarding the Bobo patents, having already conducted extensive claim construction proceedings in *Callwave* for the '066, '321, and '074 patents in the Bobo family. In March 2011, Judge Pregerson issued a claim construction order, construing ten claim terms from the '066 patent. *See* Pala Decl., Ex. 22.[5]

j2 then filed four more '066 patent cases in the Central District of California, bringing Judge Pregerson's total number of Bobo patent cases to thirteen. *See j2 Global Commc'ns, Inc. v. Fax87.com*, 2:11-cv-02618-DDP-AJW (C.D. Cal. filed Mar. 29, 2011) (hereinafter "*Fax87*"); *Advanced Messaging Technologies Inc.*[6] *v. EasyLink Servs. Int'l Corp.*, 2:11-cv-04239-DDP-AJW (C.D. Cal. filed May 17, 2011) (hereinafter "*EasyLink*"); and *j2 Global Commc'ns, Inc. v. RingCentral, Inc.*, 2:11-cv-04686-DDP-AJW (C.D. Cal. filed June 1, 2011) (hereinafter

---

[4] Before the *Markman* hearing, the *Venali* parties stipulated to a dismissal. *See* Pala Decl., Ex. 8 (*Venali* docket sheet at No. 170). During roughly the same time period, Judge Pregerson also ordered dismissals of *OneSuite*, *Zilker*, and *Comodo*. *See* Pala Decl., Ex. 12 (*Comodo* docket sheet at No. 104), Ex. 13 (*OneSuite* docket sheet at No. 23), Ex. 14 (*Zilker* docket sheet at No. 24).

[5] This order applied only to *Captaris*. Before the order was issued, the *Protus* parties stipulated to a dismissal. *See* Pala Decl., Ex. 10 (*Protus* docket sheet at No. 123).

[6] Advanced Messaging Technologies is a wholly-owned subsidiary of j2, and j2 is also a listed plaintiff in the *EasyLink* case. For the purposes of this petition, "j2" shall be used to refer either to the parent or the wholly-owned subsidiary corporation.

"*RingCentral*"); *j2 Global Commc'ns, Inc. v. Nextiva, Inc.*, 2:11-cv-06450-DDP-AJW (C.D.
Cal., filed Aug. 5, 2011) (hereinafter "*Nextiva*").  *See* Pala Decl., Exs. 4-7.  Each of these four
cases, along with *Captaris* and *COA Network*, remain pending before Judge Pregerson.

### B.    The Bobo Patents in the Eastern District of Texas.

In March 2011, a subsidiary of Acacia Research Corporation ("Acacia"), a patent holding
company based in the Central District of California, filed suit against Facebook, LinkedIn, and
17 other defendants in the Eastern District of Texas, asserting four patents from the Bobo family
of patents.  *Unified Messaging Solutions LLC v. Facebook, Inc.*, 6:11-cv-00120-LED (E.D. Tex.
filed Mar. 15, 2011).  An amended complaint adding a fifth patent from the Bobo patent family
was filed on August 12, 2011.  *See* Pala Decl., Ex. 1.  According to the Patent Office assignment
records, j2 is still the owner of these five patents, and Acacia claims in its Complaint to be an
"exclusive licensee" of the patents.  *See* Pala Decl., Ex. 1 (*Unified Messaging* complaint ¶¶ 26,
31, 36, 41, 46), Ex. 21.  Acacia presumably obtained its alleged enforcement rights from j2.

Like j2, both Acacia and its wholly-owned subsidiary, Unified Messaging Solutions, are
based in the Central District of California.  Despite this, and despite Judge Pregerson's extensive
experience with the Bobo patents (and specifically with the '074 patent), and despite the fact
that, to Facebook's and LinkedIn's best knowledge, none of the defendants have witnesses,
research, or development related to the accused products in the Eastern District of Texas, Acacia
opted to file this action in Texas rather than in the Central District of California.  Discovery has
not begun in the *Unified Messaging* case, and no claim construction proceedings have taken
place.  Trial is not scheduled to begin in *Unified Messaging* until September 2013.

All five Bobo patents asserted in *Unified Messaging* claim priority to the '066 patent.  As
noted, both the '066 Bobo patent and the five Bobo patents in *Unified Messaging* have the same
listed inventor, nearly-identical written descriptions, and substantially similar claim terms.
Because of the substantially overlapping (and in some cases, potentially identical) issues of facts
and law in the California and Texas actions, Facebook and LinkedIn respectfully request that the

Panel transfer the *Unified Messaging* action to the Central District of California for coordinated pretrial proceedings.

## III.    ARGUMENT

### A.    *Coordination of the Bobo Patent Actions in the Central District of California Is Warranted Under 28 U.S.C. §1407(a).*

The pre-trial issues in the *Unified Messaging* action will be more efficiently resolved in the Central District of California in light of that court's familiarity with the common issues of fact and law that pervade the Bobo patent cases.   Under 28 U.S.C. § 1407(a), the Panel is required to transfer the *Unified Messaging* action to the Central District of California for coordinated pre-trial proceedings if it determines that transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."   Patent cases, as Congress has found, are particularly appropriate for transfer and coordination.   *See* H.R. No. 90-1130, 1st Sess. (1968).

### 1.    *The California and Texas Actions Share Common Questions of Fact and Law.*[7]

All of the Bobo patents asserted in the *Unified Messaging* action claim priority to the '066 patent asserted in the California action; and in turn, all of the asserted patents claim priority to the same parent application.   As a result, the Bobo patents all share substantially the same written description.   The patents also share many identical claim terms, and with identical claim terms supported by nearly-identical specifications, there is sure to be substantial overlap in claim construction between the Texas and California cases.   *In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) ("All actions can thus be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents."); *In re Acacia Media Technologies Corp. Patent Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005).

---

[7] Although the MDL statute is phrased in terms of common questions of fact, the Panel also considers common questions of law when it applies this standard.   *See, e.g., In re Cygnus Telecom. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001).

Ex. A, p. 000020

In addition, because all of the Bobo patents in the Texas case claim priority to the '066
patent, the prosecution history of the '066 (including the reexamination proceedings) will be
relevant in construing the claims in the Texas case. *See Microsoft Corp. v. Multi-Tech Sys.*, 357
F.3d 1340, 1350 (Fed. Cir. 2004) ("Any statement of the patentee in the prosecution of a related
application as to the scope of the invention would be relevant to claim construction . . ."). As
noted above, Judge Pregerson has presided over two claim construction hearings relating to the
Bobo patents, including one covering the '074 patent that is now asserted in *Unified Messaging*.
Judge Pregerson has issued a claim construction ruling with respect to ten terms of the '066
patent, and eight of those terms (or substantially similar terms) appear in the asserted claims of
the Bobo patents in *Unified Messaging*.[8] Although the parties in *Unified Messaging* may take
different positions on claim construction than the parties before Judge Pregerson in light of
(among other things) the differences in the accused products, there is no question that Judge
Pregerson has obtained substantial familiarity with this patent family. Requiring another district
court to conduct a separate claim construction hearing regarding similar claim language in
closely-related patents would constitute an unnecessary waste of judicial resources.

The Texas and California cases share many other common issues of fact and law. With
respect to invalidity, because all of the Bobo patents claim priority to the same parent application
and contain nearly-identical specifications, the conception and reduction to practice of the
alleged inventions in the *Unified Messaging* action will turn on the same factual and legal issues
as in the California actions. The parties will likely rely on the same prior art, and the invalidity
arguments will likely apply with equal force to the entire Bobo family of patents. That defense,

---

[8]   For example, Judge Pregerson construed the following terms from the '066 Bobo patent:
"user-specific message storage area," "network server," "access to the user-specific message
storage area," "access request," "application layer address associated with the network server,"
"indicative of a request by the user to gain access to the user-specific message storage area,"
"user interface," and "hyper-text transfer protocol daemon". *See* Pala Decl., Ex. 22 at 8-18. The
same or substantially similar terms appear in asserted claims of the Bobo patents in the Unified
Messaging action. *See, e.g.*, Pala Decl., Ex. 17 ('141 Bobo patent, claim 1); Ex. 19 ('313 Bobo
patent, claim 11).

if established, could be case-dispositive as to all actions.

The actions also share common legal and factual questions regarding infringement theories in light of the fact that all of the Bobo patents relate to the same underlying technology. In each of the actions, the plaintiffs appear to be accusing products that enable users to send and receive e-mail or other types of messages through a web-based user interface, such as "webmail" services. Although there may be technological differences among the accused products across the actions, "Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Acacia*, 360 F. Supp. 2d at 1379. Given that the defendants' products are accused of infringing the same family of patents, there will invariably be factual questions common to all actions. *See id.* ("Questions relating to an overlapping set of patents are likely to be common to both . . . actions, regardless of the manner in which a particular defendant transmits information or the content of that information . . . "). The Panel has previously granted MDL petitions to consolidate cases involving related, but not identical patents, on the grounds that "[a]ll actions can thus be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents." *Id.* at 1379.

### 2. *Coordination Is Necessary for the Just and Efficient Conduct of the Actions.*

"[T]he crucial issue in determining whether to grant pretrial consolidation is . . . whether 'the economies of transfer outweigh the resulting inconvenience to the parties.'" 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3863 at 413-15 (3d ed. 2004) (citation omitted). The economies of transfer carry particular weight here because Judge Pregerson in the Central District of California has expended substantial judicial resources on the legal and factual issues common to the Bobo patent cases. These common issues will inevitably need to be litigated in the Eastern District of Texas unless the *Unified Messaging* action is transferred to the Central District of California for coordinated proceedings.

Three of the six California actions were filed within the past three months (and one

within the past three weeks), so coordinating schedules will not pose any difficulty. And in any event, the Panel has frequently granted MDL petitions when cases are on different schedules, holding that "[i]t may well be that some actions may be ready for trial in advance of other MDL[] actions. If such is the case, nothing in the nature of this Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand." *In re Katz*, 481 F. Supp. 2d at 1355 (citing *In re Acacia* at 1379-80); *see also In re Rembrandt Technologies, LP Patent Litig.*, 493 F. Supp. 2d 1367, 1370 (J.P.M.L. 2007).

With technically complex patents such as those at issue here, the claim construction process is a demanding and time-consuming effort. *See In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) ("Centralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction. . . ."). Having presided over two claim construction hearings, and having considered extensive claim construction briefing, Judge Pregerson in the Central District of California is already familiar with the complex technology involved in the patents-in-suit and the various products to which they purportedly relate. In particular, during the claim construction process, Judge Pregerson has familiarized himself with the extensive file history of the '066 patent. Because the *Unified Messaging* action involves five patents that all claim priority to the '066, that file history will bear on the construction of those patents' claim terms. It would be a waste of judicial resources for the court in the Eastern District of Texas to learn the technology and review the intrinsic record in sufficient detail to construe claim terms with which Judge Pregerson is already familiar.

Given that "it is not an insubstantial burden which patent litigation imposes upon a district judge," *In re Molinaro/Catanzaro Patent Litig.*, 380 F. Supp. 794, 795 (J.P.M.L. 1974), transfer of the Texas action to the Central District of California would greatly conserve the resources of the judiciary. Judge Pregerson's familiarity with the patents and the subject matter to which they relate will allow for the just and efficient conduct of the actions "at a substantial savings of judicial time and resources." *Id.*

-10-

### 3. The Actions Should Be Coordinated for the Convenience of Parties and Witnesses.

The Central District of California is more convenient for all plaintiffs and many of the defendants. j2, the owner of all of the Bobo patents, has its headquarters and principal place of business in Los Angeles, California. Acacia, j2's licensee of some of the patents, is also based in the Central District of California. Three of the defendants in the Texas case are based in California. And none of the defendants is based in the Eastern District of Texas, and to Facebook's and LinkedIn's best knowledge, none of the parties in the Texas case have identified any witnesses or documents located in the Eastern District of Texas. Accordingly, coordination in the Central District of California will serve the convenience of the parties.

Moreover, unless the actions are coordinated for pretrial proceedings, the inventors, experts, prosecuting attorneys, and other third-party witnesses will be subject to duplicative discovery demands in each action. The assertion of patents from the same family means that the defendants in all actions will pursue much of the same discovery to elicit facts to support their shared defense that the patents-in-suit are invalid.

Because Acacia and its subsidiary, Unified Messaging Solutions, are nothing more than patent-holding companies that purport to hold an exclusive license from j2, almost all of the discovery in *Unified Messaging* relating to conception, reduction to practice and other invalidity issues will come from j2 – not Acacia. Because j2 is based in the Central District of California and is a named party in all of the actions in that district before Judge Pregerson, transfer of the Unified Messaging action will reduce the burden on the defendants seeking and obtaining discovery on these common issues. Coordinated discovery will also benefit third parties who possess relevant information, including the inventor of the patents-in-suit, the attorneys and patent agents who prosecuted the patents-in-suit, authors of prior art publications, manufacturers of prior art devices, and companies that have licensed the patents-in-suit.

Transfer and coordination in the Central District of California will also enable Judge Pregerson to formulate a pretrial discovery plan that minimizes witness inconvenience and

Ex. A, p. 000024

overall expense. "Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands." *In re Rembrandt*, 493 F. Supp. 2d at 1369; *see also In re Acacia*, 360 F. Supp. 2d at 1379 (same), *In re Katz*, 481 F. Supp. 2d at 1355 (same). Accordingly, to avoid the expense and inconvenience of duplicative discovery for party and non-party witnesses, transfer and coordination of the Texas and California cases is warranted. *See, e.g. In re Mirtazapine Patent Litig.*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (transferring to a district where several actions were pending, the patentee was located, and the judge was "familiar with the underlying issues"); *see also In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003).

## IV.    CONCLUSION

The Central District of California is the most appropriate forum for coordination because of Judge Pregerson's familiarity with the common factual and legal issues after considerable expenditure of judicial resources, and because of the location of witnesses and documents relevant to the claimed inventions. Facebook and LinkedIn therefore respectfully request that the Panel transfer the *Unified Messaging* action to the United States District Court for the Central District of California for coordinated pre-trial proceedings under 28 U.S.C. § 1407.

Ex. A, p. 000025

Dated:  August 24, 2011                    Respectfully submitted,


                                           By: /s/ Heidi L. Keefe
                                               Heidi L. Keefe

                                               Heidi L. Keefe
                                               Mark R. Weinstein
                                               Sudhir A. Pala
                                               COOLEY LLP
                                               Five Palo Alto Square
                                               3000 El Camino Real
                                               Palo Alto, CA  94306-2155
                                               Telephone:    (650) 843-5000
                                               Facsimile:    (650) 857-0663
                                               Email:  hkeefe@cooley.com
                                               Email:  mweinstein@cooley.com
                                               Email:  spala@cooley.com

                                               Michael G. Rhodes
                                               COOLEY LLP
                                               101 California St., 5th Floor
                                               San Francisco, California  94111
                                               Tel:  (415) 693-2000
                                               Email:  mrhodes@cooley.com

                                               Deron Dacus
                                               Ramey & Flock
                                               100 East Ferguson, Suite 500
                                               Tyler, TX  75702
                                               Tel:  (903) 597-3301
                                               Email:  derond@rameyflock.com

                                           Attorneys for Defendant
                                           FACEBOOK, INC.

Ex. A, p. 000026

Dated:  August 24, 2011

Respectfully submitted,

FISH & RICHARDSON P.C.


By:  */s/ Neil J. McNabnay* _____
     Neil J. McNabnay
     Texas Bar No. 24002583
     mcnabnay@fr.com
     Taj J. Clayton
     Texas Bar No. 24050427
     clayton@fr.com
     David B. Conrad
     Texas Bar No. 24049042
     conrad@fr.com
     1717 Main Street, Suite 5000
     Dallas, TX 75201
     214-747-5070 (Telephone)
     214-747-2091 (Telecopy)

Attorneys for Defendant
LINKEDIN CORPORATION