LAURA A. WYTSMA (State Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Ste. 2200
Los Angeles, California 90067-4120
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

TIMOTHY J. CARROLL (Admitted *pro hac vice*)
tcarroll@loeb.com
MATTHEW F. CARMODY (Admitted *pro hac vice*)
Mcarmody(loeb.com
LOEB & LOEB LLP
321 N. Clark Street, Ste. 2300
Chicago, Illinois 60654
Telephone: (312) 464-3100
Facsimile: (312) 464-3111

*Attorneys for Defendants Captaris, Inc. and Open Text Corporation*

Attorneys for Defendants
CAPTARIS, INC. and
OPEN TEXT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> CAPTARIS, INC. and OPEN TEXT CORPORATION, <br><br> Defendants-Counterclaimants. | Case No.: CV 09-4150 DDP (AJWx) <br><br> Assigned to Hon. Andrew Wistrich <br><br> **DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> **DISCOVERY MATTER** <br><br> **[Cent. Dist. Civ. L. R. 37-2]** <br><br> Courtroom: 690 (Roybal) <br> Date: November 14, 2011 <br> Time: 10:00 a.m. <br><br> Fact Discovery Cutoff: Oct. 13, 2011 <br> Pretrial Conference: Apr. 23, 2012 <br> Trial Date: May 1, 2012 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

# TABLE OF AUTHORITIES

**Page**

**OTHER AUTHORITIES**

Chief Judge Randall R. Rader, United States Court of Appeals for the Federal Circuit, *The State of Patent Litigation*, E.D. Tex. Judicial Conference, Sept. 27, 2011..................................................................................................3

Magistrate Judge Andrew J. Peck, United States District Court, Southern District of New York, *The Federal Rules Governing Electronic Discovery*, PLI Order No. 28240, Sept. 19, 2011 ................................................................4

The Sedona Conference Commentary of Proportionality in Electronic Discovery, 11 Sed. Conf. J. 129, 298 (2010)

i

DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

j2 has sought extremely broad and burdensome discovery from Open Text and its customers, based solely on j2's speculation that there may exist some unproduced document that is relevant to j2's *indirect* infringement case.[1] The discovery j2 seeks is unreasonable, impermissible and disproportionately burdensome because:

- Long ago, Open Text conducted a thorough search for electronic documents, using search terms that j2 helped to formulate, and at a cost of nearly half a million dollars. Thereafter, Open Text produced more than 300,000 pages of documents to j2, and it has made its source code and a functioning RightFax operating system available for j2 to review.

- When the parties initially conferred regarding discovery, j2 did not mention the need for customer-specific information. In fact, years passed without j2 raising issues concerning customer-related discovery. Then, as the close of discovery approached, j2 abruptly sought voluminous customer-related information from Open Text and third-parties.

- It will cost Open Text at least fifty thousand dollars to make a brand new production of just a small batch of electronic documents. If j2's motion is granted, this cost will multiply, creating an unfair result.

- The discovery j2 seeks is not likely to yield relevant customer-related documents, because Open Text sells the relevant products through third-party re-sellers and has limited involvement with end-users.

- Although j2 claims that widespread customer-related discovery is needed so that it can prove indirect infringement, it has not proffered a single instance of an Open Text customer directly infringing its patents. Thus, j2's entire motion is based on conjecture and speculation – which do not justify a fishing expedition of this magnitude.

- j2's barrage of third-party discovery is interfering with Open Text's valued business relationships.

In light of these facts, the relevant inquiry is not whether some potentially relevant document happens to exist somewhere in Open Text's files, but rather, whether it would be disproportionately burdensome for Open Text to conduct a second search of its records, at this late stage, to try find such a document based on speculation.

Disproportionate eDiscovery, particularly in patent litigation, is increasingly frowned upon by Courts and policy makers. Open Text previously called to the Court's attention the Federal Circuit's model eDiscovery order (Carmody Decl. Exh.

---

[1] Open Text incorporates by reference the defined terms set forth in the joint stipulation on j2's motion to compel the production of documents (Dkt. No. 273).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1

DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

B), which resulted from the Federal Circuit's mandate for proportionality in eDiscovery in patent cases. Indeed, Chief Judge Randall R. Rader of the United States Court of Appeals for the Federal Circuit recently commented on the model eDiscovery order, by stating that:

> [T]he greatest weakness of the US court system is its expense. And the driving factor for that expense is discovery excesses. Electronic recordkeeping in the modern age has multiplied the expense of looking behind every curtain. As we all understand, the modern electronic age has rendered old discovery processes obsolete or, at least inappropriate for the vast complexity and volume of large patent disputes. Patent cases, in particular, produce disproportionally high discovery expenses. In one 2010 report, the Federal Judicial Center determined that 'Intellectual Property cases had costs almost 62% higher, all else equal ….'
>
> We all understand as well that those expenses multiply exponentially when attorneys use discovery as a tactical weapon. <u>Generally the production burden of expansive e-requests outweighs their benefits.</u> I saw one analysis that concluded that .0074% of the documents produced actually made their way onto the trial exhibit list—less than one document in ten thousand. And for all the thousands of appeals I've evaluated, email appears even more rarely as relevant evidence.
>
> Our courts are in danger already of becoming an intolerably expensive way to protect innovation or prove freedom to operate. These vast expenses can force accused infringers to acquiesce to non-meritorious claims. This only serves as an unhealthy tax on innovation and open competition.
>
> \* \* \*
>
> This proposed Model Order on E-Discovery in Patent Cases should serve as a helpful starting point for district courts to enforce responsible, targeted use of e-discovery in patent cases. The goal of this Model Order is to streamline e-discovery, particularly email production, and require litigants to focus on the proper purpose of discovery—the gathering of material information—<u>rather than on unlimited fishing expeditions</u>.
>
> This Model Order begins with a discovery process whereby the parties exchange core documentation concerning the patent, the accused product, the prior art, and the finances before seeking e-mail production. … [T]his Model Order presumptively limits the number of record custodians and the number of search terms for email production requests.
>
> \* \* \*
>
> The Order also contemplates that a discovering party may exceed the discovery limits. If the party wants to exceed those limits, however,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2

DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

they do so <u>at their own expense</u>. I believe <u>cost shifting will encourage more conscientious requests</u>, as we all know, when you are ordering drinks at a bar, you order a little more wisely when you know you are paying the tab!

\* \* \*

In sum, the Model Order of the Advisory Council of the Federal Circuit promises to bring some discipline to e-discovery expenses. Of course, for this Model Order to have a real impact, district judges will need to put these suggestions (or some variation) into practice.[2]

The views of Chief Judge Rader underscore why j2 should not be permitted to pursue disproportionately burdensome and speculative eDiscovery at this stage. Open Text has already made "core documentation concerning the patent, the accused product, the prior art and finances" available to j2, and it has collaborated with j2 to conduct a thorough, burdensome and highly expensive search for electronic documents. In light of Open Text's substantial effort to provide discovery, the mere potential that Open Text might, hypothetically, possess additional relevant documents does not justify massive expenditures of time and resources. At minimum, j2 should be forced to bear the costs and legal fees incurred by Open Text in connection with supplemental discovery, so as to "encourage more conscientious requests" from j2.

Chief Judge Rader is hardly a lone voice speaking out for proportionality in e-discovery. In fact, several commentators have addressed one of the primary reasons why j2's discovery requests are disproportionately burdensome: it is unfair to require a producing party (Open Text) to make multiple document productions when the requesting party (j2) failed to raise the need for additional documents early, promptly and in a reasonable manner. For example, the Sedona Conference, an institute dedicated to the advanced study of complex litigation and intellectual

---

[2] Chief Judge Randall R. Rader, United States Court of Appeals for the Federal Circuit, *The State of Patent Litigation*, E.D. Tex. Judicial Conference, Sept. 27, 2011 (emphasis added) ( publicly available on a number of websites, including: http://www.patentlyo.com/files/raderstateofpatentlit.pdf) (attached hereto as Exhibit A).

property rights, has promulgated principles for proportionality in eDiscovery, one of which (Principle 3) states in part:

> This proportionality principle also applies to a party's failure to engage in early, meaningful discussions with an opponent to develop a discovery plan and avoid potential disputes. ... Examples of how a party's failure to engage in an early and meaningful meet and confer may weigh against the party in a subsequent proportionality analysis include cases in which: (1) a party refuses to consult with an opponent in the development of a keyword search protocol and <u>a second search is necessary given the inadequacy of the keywords initially applied</u> ...[3]

To similar effect are comments made by Magistrate Judge Andrew J. Peck of the Southern District of New York, who, in the course of discussing electronic discovery, stated:

> [T]he judiciary expects counsel to have thoroughly discussed [electronic discovery] at the Rule 26(f) conference (and thereafter as further issues arise). ... <u>The Rule 26(f) conference cannot be a 'drive-by' conference</u>, that is, one that perfunctorily agrees that each side will produce relevant ESI when requests. Counsel should discuss as the Rule 26(f) conference whose electronics should be searched and what search terms, procedures or protocols will be used.[4]

j2's last minute fishing expedition is exactly the kind of "drive by" approach to eDiscovery that Judge Peck and the Sedona Conference warn against. Early in the case, Open Text conferred with j2 in good faith regarding discovery. Among other things, the parties agreed on search terms that Open Text would use to identify potentially relevant electronic documents. At that time – when Open Text might have been able to add additional search terms at a reasonable additional cost – j2 did not focus on the need for customer-specific documents. Only when discovery was about to close, and long after Open Text's document production was complete, did j2 claim that Open Text needed to start a brand new document production that included broad categories of customer-related documents. However, *j2 has only*

---

[3] *The Sedona Conference Commentary of Proportionality in Electronic Discovery*, 11 Sed. Conf. J. 129, 298 (2010) (emphasis added).

[4] Magistrate Judge Andrew J. Peck, United States District Court, Southern District of New York, *The Federal Rules Governing Electronic Discovery*, PLI Order No. 28240, Sept. 19, 2011 (emphasis added).

1 | *itself to blame* if it lacks customer-specific documents at this late stage.  It is
2 | unreasonable and disproportionately burdensome for a litigant like j2 to wait until
3 | long after an eDiscovery production is complete, and then ask its opponent to collect
4 | and produce documents all over again.

Dated: October 31, 2011              Respectfully submitted,

                                     LOEB & LOEB LLP
                                     TIMOTHY J. CARROLL
                                     LAURA A. WYTSMA
                                     MATTHEW F. CARMODY


                                     By:   /s/ Timothy J. Carroll
                                           Timothy J. Carroll
                                           Attorneys for Defendants
                                           CAPTARIS, INC., and OPEN TEXT
                                           CORPORATION

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTION
TO COMPEL PRODUCTION OF DOCUMENTS