Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

*Attorneys for Plaintiffs-Counterdefendants j2 Global Communications, Inc. and Advanced Messaging Technologies, Inc.*

Laura A. Wytsma (State Bar No. 189527)
lwytsma@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Ste. 2200
Los Angeles, California 90067-4120
Telephone: (310) 282-2000
Facsimile: (310) 282-2200

*Attorneys for Defendants-Counterplaintiffs Captaris, Inc. and Open Text Corporation*

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> CAPTARIS, INC. and OPEN TEXT CORPORATION, <br><br> Defendants-Counterclaimants. | Case No.: CV 09-4150 DDP (AJWx) <br><br> **AMENDED PROTECTIVE ORDER** |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

NY974366.2
213833-10002

[PROPOSED] AMENDED PROTECTIVE ORDER

The parties to this action stipulate to, and seek entry of, the following Protective Order:

1. "Confidential" information is information that, in good faith, a person producing information under this Order, whether or not a party to this action (the "Producing Person"), believes to contain (a) proprietary or commercially sensitive information which is not publicly known and which its owner would not reveal to others except in confidence; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under the Federal Rules of Civil Procedure. If a Producing Person designates information as "Confidential," the designated information shall be treated as Confidential unless successfully challenged under ¶ 12. When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential."

2. "Restricted Confidential" information shall be limited to information that, in good faith, a party believes to contain (a) current and past (to the extent they reflect on current) business planning and financial information; (b) trade secrets; (c) past or current company personnel or employee information; (d) source code; and (e) information concerning a party's sales or the design, structure or workings of a party's products or systems which would, if it became known to other parties, harm the competitive position of its owner. If a Producing Person designates information as Restricted Confidential under this Order, the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 12. When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential."

3. Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

4. Producing Persons that are not parties to this action, and that produce

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

2

[PROPOSED] AMENDED PROTECTIVE ORDER

documents pursuant to a subpoena or otherwise respond to discovery requests in this action, are intended beneficiaries of this Order and have the right to enforce the terms of this Order as necessary to, *inter alia*, protect the confidentiality of the materials they produce. However, nothing herein shall prevent such Producing Persons from seeking or negotiating different confidentiality terms than those provided for herein.

5. When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

6. A person receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, Protected Information") only to conduct this litigation or any other litigation involving Captaris, Inc. and/or Open Text Corp., on the one hand, and j2 Global Communications, Inc. and/or Advanced Messaging Technologies, Inc., on the other hand.

7. By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information. All receiving persons other than attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support service, shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this Order and agree to submit to the jurisdiction of the Central District of California for enforcement of this Order. Counsel for each party shall maintain all original acknowledgments, and will produce the same to the opposing party when so ordered by the Court.

8. A Receiving Person may disclose Restricted Confidential information only to the following:

    a. outside litigation counsel retained by a party in this action or in

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

3

[PROPOSED] AMENDED PROTECTIVE ORDER

1  any other litigation involving Captaris, Inc. and/or Open Text Corp., on the one
2  hand, and j2 Global Communications, Inc. and/or Advanced Messaging
3  Technologies, Inc., on the other hand, including attorneys, their staff, and
4  independent companies engaged by outside litigation counsel to perform litigation
5  support services;

6       b.    independent experts or consultants retained by outside litigation
7  counsel;

8       c.    any person giving testimony in this action at deposition, trial or
9  hearing witnesses, but only if the person giving testimony is the creator, author or
10 recipient of the Restricted Confidential information, provided that such persons may
11 not retain any documents containing Restricted Confidential information provided to
12 them at such deposition, trial or hearing;

13      d.    the Court, its personnel and any court reporters involved in
14 taking or transcribing testimony in this action; and

15      e.    any other person by written agreement of the parties or by order
16 of the Court.

17     Any person who receives Restricted Confidential information is prohibited
18 from prosecuting, preparing or having any substantive involvement with any patent
19 application on behalf of any party to this action relating to e-mail to fax or fax to e-
20 mail services, products, systems, or methods.

21     9.    A Receiving Person may disclose Confidential information only to the
22 following:

23      a.    Persons listed in ¶ 8; and

24      b.    Any person giving testimony in this action at deposition, trial or
25 hearing witnesses, but only for purposes of reasonable, material, and relevant
26 testimony or preparation of such testimony in the litigation, provided that such
27 persons may not retain any documents containing Protected Information; and

28      c.    Employees of the Receiving Person to whom disclosure is

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

4

[PROPOSED] AMENDED PROTECTIVE ORDER

1  reasonably necessary for the management, supervision, or oversight of the litigation.

2       10.    Before a Receiving Person can share Protected Information received
3  from a Producing Person with an independent expert or consultant under the
4  Receiving Person shall provide the Producing Person (and, if the Producing Person
5  is not a party to this action, the other parties to this action) written notice of its
6  intention, which shall include the proposed expert's curriculum vitae as well as a list
7  of any previous or current relationship with any party to this action.  If the
8  Producing Person objects to the disclosure, it must send a written objection,
9  including a detailed explanation of its objection, that is received within ten business
10 days after the Producing Person's receipt of the written notice.  Absent a timely
11 written objection, the Receiving Person may share Protected Information with the
12 independent expert.  If the Producing Person makes a timely written objection, the
13 Receiving Person shall not share Protected Information with the independent expert
14 until the objection is resolved by agreement or by the Court.  If the Producing
15 Person and Receiving Person cannot resolve this dispute, they may proceed under
16 the Local Rules addressing discovery disputes, with the Producing Person bearing
17 the burden of filing a motion and establishing good cause to support its objection.  A
18 party shall not seek discovery with respect to a consultant or other non-testifying
19 expert of a party who was disclosed as a result of this paragraph regarding any
20 information, opinions or documents developed, identified and/or obtained as result
21 of, or in the course of the engagement or consultation by a party, absent a Court
22 order pursuant to a motion made by the party.

23      11.    If not so designated in the transcript, deposition testimony shall be
24 deemed Restricted Confidential until thirty days following the reporter's distribution
25 of the final transcript.  During those thirty days, a Producing Person may designate
26 portions of the transcript under ¶ 1 or ¶ 2 by sending written designations to all
27 parties to this action.

28      12.    If a Receiving Person disagrees with a designation of information under

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

5

[PROPOSED] AMENDED PROTECTIVE ORDER

¶ 1 or ¶ 2, it shall provide the Producing Person written notice of its challenge. If the Producing Person and Receiving Person cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion and showing that the information is Confidential or Restricted Confidential. If the Producing Person and Receiving Person are not able to resolve the dispute, and the Producing Person does not file a motion for Protective Order within thirty (30) days of receipt of written notice, the information shall lose its designation of Confidential or Restricted Confidential. Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

13. Source code designated "Restricted Confidential" and produced in electronic form shall be maintained in the sole custody and control of the Producing Person and shall be maintained, respectively, at the Los Angeles office of outside counsel for Captaris, Inc. and Open Text Corp. (with respect to source code produced by Captaris and/or Open Text) and at the New York office of outside counsel for j2 Global Communications, Inc. and Advanced Messaging Technologies, Inc. (with respect to source code produced by j2 and/or AMT). The parties may vary the location by mutual agreement. The source code shall be made accessible to outside counsel for the Receiving Person and their independent experts or consultants who are actively assisting in the litigation during normal business hours upon five (5) days advance notice of the review.

(a) The Producing Person shall make its source code available in electronic form—if it exists in such form -on a stand-alone, i.e., non- networked, standard personal computer with Microsoft Windows operating system installed in accordance with its standard installation processes. In the event that the source code to be produced does not exist in electronic form, the Producing Person shall so certify in writing and will meet and confer in good faith to make arrangements for the mutually-convenient review of such code consistent with the other provisions of

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

6

[PROPOSED] AMENDED PROTECTIVE ORDER

this paragraph, to the extent possible.

(b) The Producing Person shall provide a dedicated, stand-alone printer connected to the computer used for source code review, and it shall be loaded with paper bearing pre-printed production control numbering. The Receiving Party's outside counsel and/or independent experts or consultants may print excerpts of the Restricted Source Code that they in good faith consider to be relevant to the claim or defense of any party and only to the extent necessary to perform his or her responsibilities in connection with the action. No more than 500 pages of hard copies of source code may be printed, absent consent by the Producing Person (which consent shall not be unreasonably withheld). The originals of any printouts shall be provided to counsel for the Producing Person on that same day. The Producing Person's counsel shall deliver copies of the printouts to the Receiving Person's outside counsel within two (2) business days. The printouts of source code excerpts are to be maintained at all times in a secure location at the offices of outside counsel for the Receiving Person and may be reviewed by experts, consultants, and outside counsel only at outside counsel's offices. The printouts or any of the information contained in the hard copies shall not be converted into an electronic format, without the express consent of the Producing Person, which consent shall not be unreasonably withheld.

(c) The Receiving Person's outside counsel and/or independent experts or consultants shall be permitted to save, to a file on the hard drive of the stand-alone computer used for source code review, excerpts of the Producing Person's source code for storage or future potential printing. Such file(s) shall be preserved by the Producing Person until the conclusion of the Action.

(d) In the event that the Receiving Person's outside counsel and/or independent experts or consultants requests that any source code analytical software be installed on the computer to be used for source code review, the Receiving Person's outside counsel shall notify the Producing Person's counsel and provide a

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

7

[PROPOSED] AMENDED PROTECTIVE ORDER

copy of the source code analytical software to be installed. The Producing Person shall install such source code analytical software within three (3) business days of the Receiving Person's request. If the Producing Person objects to the installation of the requested source code analytical software requested and provided by the Receiving Person, the burden shall be on the Producing Person to promptly meet and confer and, if the issue cannot be resolved, to seek relief from the Court. Further, if the Receiving Person's outside counsel and/or independent experts or consultants desires such analytical software to be installed or configured in a particular manner, counsel for the Receiving Person shall provide instructions to the Producing Person and the Producing Person shall make every reasonable effort to comply with the Receiving Person's request. By way of example, such source code analytical software may include (but will not be limited to) text editors, such as Emacs, Unix utilities, such as Grep, environments such as Visual Studio and Cygwyn, and multi-file text search tools, Visual Slick Edit, Source-Navigator, PowerGrep and ExamDiff Pro, or similar programs.

(e)   All source code shall be produced for review in its native format and shall be in a form that is fully searchable, if possible. In the event that the native format of the source code is not searchable, the Receiving Person may elect whether to initially receive the code in native form or searchable form, with the Receiving Person reserving the right to subsequently request the production of relevant portions of code in both native and searchable formats, which request shall not be unreasonably denied. If the source code does not exist in searchable form, the Producing Person shall provide a written explanation and will meet and confer in good faith to reach a reasonable accommodation for the efficient review of such code consistent with the other provisions of this paragraph, to the extent possible.

(f)   No source code produced pursuant to this Paragraph 12 shall be redacted, password protected, deleted, modified or otherwise concealed or withheld from review by the Receiving Person's outside counsel and/or independent experts

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

8

[PROPOSED] AMENDED PROTECTIVE ORDER

1 or consultants.

2     14. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure as soon as possible after discovery. The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

    15. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the Receiving Person promptly shall make best efforts to collect all copies of the documents and return them to the Producing Person.

    16. In the event that any Protected Information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Restricted Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

    17. To the extent that any Confidential or Restricted Confidential information subject to this Protective Order (or any pleading, motion, or memorandum referring to them) is proposed to be filed or is filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Restricted Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed. Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

9

[PROPOSED] AMENDED PROTECTIVE ORDER

1  seal. However, only those portions of filings containing Confidential or Restricted
2  Confidential information shall be filed under seal.  The filing party shall also file
3  with the Court for regular filing a redacted version of any filing submitted under
4  Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential
5  information shall be redacted.

6        18.    Nothing in this Order precludes any person from disclosing or using in
7  any manner its own information, or information not obtained under this Order, even
8  if the same information is also produced under this Order.

9        19.    Nothing in this Order precludes any person from showing a document
10  containing Protected Information to an individual who prepared or received the
11  document, or from disclosing Protected Information to an officer, director or
12  testifying corporate designee of the Producing Person.

13        20.    No information may be withheld from discovery on the ground that the
14  material to be disclosed requires protection greater than that afforded by this
15  Protective Order unless the party claiming a need for greater protection moves for
16  an order providing such special protection pursuant to Rule 26(c) and Local Rules
17  37-1 through 37-4.

18        21.    The Parties acknowledge and agree that nothing in this Protective
19  Order is intended to be construed inconsistently with the rights and obligations of
20  the Parties under Local Rules 37-1 through 37-4 governing cooperation during
21  discovery, and that, in the event of any inconsistency, the procedures defined by the
22  Local Rules shall govern.  If the Parties wish to file the Joint Stipulation (or portions
23  thereof) required by Local Rule 37-2 under seal, the Parties may file a separate
24  stipulation to that effect, or the moving party may tile an ex parte application
25  making the appropriate request.  The Parties acknowledge and agree that the
26  stipulation or ex parte application must demonstrate good cause as to why the Joint
27  Stipulation or portions thereof should be filed under seal.

28        22.    Within sixty days of the termination of all litigation between the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

10

[PROPOSED] AMENDED PROTECTIVE ORDER

1  parties, all Protected Information shall be destroyed or returned to the Producing
2  Person, except that outside litigation counsel of record for each party may, in
3  accordance with the access restrictions of this Order, maintain in its files one copy
4  of each deposition, hearing and/or trial transcript and any exhibits thereto, each
5  document filed with or presented to the Court (which also may include copies of the
6  foregoing items), any correspondence transmitted between outside counsel for the
7  parties to this action, and any memoranda, notes or other attorney work product
8  even if it contains Protected Information.
9      So ORDERED AND SIGNED this 14th day of December, 2011.



_____
HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

# EXHIBIT A

<u>CERTIFICATE OF COMPLIANCE</u>

I, _____ (print name), declare as follows:

certify that I have received a copy of the Stipulated Protective Order ("Order") in the matter captioned j2 Global Communications, Inc. and Advanced Messaging Technologies, Inc. v. Captaris, Inc. and Open Text Corp. United States District Court for the Central District of California, Case No. CV-09-4150 DDP (AJWx), which governs the production and use of Protected Information in this case. I have read and understand the Order. I hereby acknowledge that I am bound by the Order, and I agree to abide by it. I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print Name)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NY975559.1213833-10002

12

[PROPOSED] AMENDED PROTECTIVE ORDER