```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                       CIVIL MINUTES--GENERAL
```

Case No.   CV 09-4150 DDP (AJWx)              Date: February 16, 2012

**TITLE:** J2 Global Communications, Inc. v. Captaris, Inc.
======================================================================
**PRESENT:  HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

    <u>Ysela Benavides</u>
     Deputy Clerk                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS**    **ATTORNEYS PRESENT FOR DEFENDANTS**
        None                                          None

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

This motion concerns defendant Open Text Corp.'s responses to requests contained in three separate sets of requests for production. [<u>See</u> Joint Stipulation at 1].

               Second Set of Request for Production

As to request 3, the motion is **granted** in part (as to 3(i) and 3(u)) and **denied** in part (as to 3(r)).  On the present record, a finding that plaintiff is limited to the search terms defendant employed in a different (albeit related) case is not warranted, so plaintiff is entitled to rely on its request.  However, the scope of 3(i) and 3(u) is narrowed to examples of such materials generally or widely disseminated by defendant to customers or resellers.  Considering all the circumstances, 3(r) is simply too broad and encompasses too much irrelevant material.  <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(iii).

As to request 16, the motion is **denied**.  In making this ruling, the court is relying on defendants' representation that there are no responsive customer-specific documents. [<u>See</u> Transcript of November 14, 2011 Hearing ("Tr.") at 46].  If that representation is incorrect, then defendant should either produce such documents or notify the court immediately.

As to request 18, the motion is **denied**.  Defendants have produced some responsive material, although precisely how much is unclear. [Tr. at 49-53].  In any event, the request is so broad and encompasses so much potentially irrelevant material that requiring further production in response to it is not warranted.  Fed. R. Civ. P. 26(b)(2)(c)(iii).

### Third Set of Request for Production

As to request 3, the motion is **granted** in part and **denied** in part. See discussion of request 3, second set, above.

As to request 15, the motion is **denied**. See discussion of request 16, second set, above.

As to request 18, the motion is **denied**. See discussion of request 18, second set, above.

### Sixth Set of Request for Production

As to request 13, the motion is **granted**.

As to request 14, the motion is **granted**.

Plaintiffs' sixth set of requests was served on August 15, 2011. Defendant admittedly failed to serve written responses to plaintiffs' sixth set of requests for production within the time required by Fed. R. Civ. P. 34 (b)(2). That failure is inexplicable. Although defendant argues that there were ongoing negotiations with plaintiffs concerning the sixth set of requests for production, defendant does not allege that plaintiffs granted defendant an extension of time within which to serve responses, and nothing in the record suggests either that plaintiffs misled defendant about the deadline for serving written responses or that defendant reasonably relied on any statements or conduct of plaintiffs in assuming that service of written responses could be deferred indefinitely without consequence. The normal rule is familiar to every experienced litigator: "Failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Consistent with these authorities, the court finds that defendant has waived all objections to plaintiffs' sixth set of requests for production. To mitigate the effect of this finding on defendant, and to ensure that plaintiff receives no unfair advantage, defendant is not found to have waived objections based on privilege or the attorney work-product protection. Documents withheld on that basis, of course, must be listed on a privilege log or otherwise properly identified. See Fed. R. Civ. P. 26(b)(5).

During the hearing on the motion, defendant's counsel proffered to the court two district court decisions from other circuits declining to apply the rule concerning waiver of objections by which this court is bound.  Without suggesting that the court never has the discretion to grant relief from a <u>Richmark</u> waiver, the court declines to follow those out-of-circuit district court decisions in the circumstances presented by this motion.  Among other things, although the requests are broad (especially request 14), the documents they seek are relevant (especially request 13).  Neither request is either absurd or pointless.  Moreover, if defendant had really wanted to preserve its ability to object to these two requests, all it would have had to do would have been to serve timely objections.

If defendant had missed the deadline for serving responses by a couple of days as a result of a calendaring error, the court might have reached a different result.  Here, however, defendant apparently chose not to serve written responses to plaintiffs' sixth set of requests for production, and persisted in that failure even after plaintiffs filed a motion to compel compliance with those requests and cited the <u>Richmark</u> decision in their portion of the joint stipulation. [<u>See</u> Joint Stipulation at 38, 40]. Remarkably, during the hearing on this motion, defendant's counsel told the court that defendant **still** had not served written responses. [Tr., at 32-34].

Compliance within 21 days is required.

**IT IS SO ORDERED.**

cc: Parties

MINUTES FORM 11                                Initials of Deputy Clerk_____
CIVIL-GEN