1   Robert A. Sacks (SBN 150146)
    sacksr@sullcrom.com
2   Brian R. England (SBN 211335)
    englandb@sullcrom.com
3   Edward E. Johnson (SBN 241065)
    johnsonee@sullcrom.com
4   SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
5   Los Angeles, California  90067-1725
    Tel.:   (310) 712-6600
6   Fax:   (310) 712-8800

7   Frank L. Bernstein (SBN 189504)
    fbernstein@kenyon.com
8   KENYON & KENYON LLP
    1801 Page Mill Road, Suite 210
9   Palo Alto, California 94304-1216
    Tel.:   (650) 384-4700
10  Fax:   (650) 384-4701

11  *Attorneys for Plaintiffs j2 Global, Inc. and*
    *Advanced Messaging Technologies, Inc.*

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16  j2 GLOBAL                         Case No. CV 09-4150 DDP (AJWx)
    COMMUNICATIONS, INC. AND
17  ADVANCED MESSAGING              **PLAINTIFFS j2 GLOBAL, INC.**
    TECHNOLOGIES, INC.,             **AND ADVANCED MESSAGING**
18                                  **TECHNOLOGIES, INC.'S**
                    Plaintiffs,     **OPPOSITION TO DEFENDANTS'**
19                                  **MOTION FOR LEAVE TO AMEND**
         v.                         **COUNTERCLAIMS**
20
    CAPTARIS, INC. AND OPEN
21  TEXT CORPORATION,               Date: November 19, 2012
                                    Time:  10:00 a.m.
22                  Defendants.     Courtroom: 3
                                    Honorable Dean D. Pregerson
23  _____

24
    AND RELATED CROSS-ACTION
25

26

27

28

1   Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.
2   (together, "j2") respectfully submit this Opposition to Defendants Captaris, Inc.
3   and Open Text Corporation's (collectively, "Open Text") Motion for Leave to
4   Amend Counterclaims ("Motion").

5                              **INTRODUCTION**

6          More than four years after this suit was filed, and with fewer than two
7   months left before the current December 21, 2012 fact discovery cutoff, Open Text
8   seeks to amend its counterclaims by adding two new causes of action, previously
9   absent from the case and not based upon the facts underlying this case, as well as
10  brand new allegations supporting its claim for a declaratory judgment that the
11  Patents-in-Suit are unenforceable.  This would be Open Text's third amendment of
12  its counterclaims.[1]

13         In its two proposed new causes of action, for tortious interference and
14  unfair competition, Open Text alleges that j2 recently made a false statement to a
15  potential customer of EasyLink in the course of marketing efforts.  Those claims
16  should be disallowed for several reasons.  First, Open Text has no basis for
17  asserting a claim based on conduct related to EasyLink, particularly given that
18  EasyLink also seeks to assert the same claims based upon the same alleged
19  statement in two related cases.  Second, the proposed new claims raise factual and
20  legal issues distinct from those in the case now, will require additional discovery,
21  and are not efficiently brought in this case.  The claims are not compulsory
22  counterclaims and there is no reason to delay this lawsuit when EasyLink can
23  assert the same claims itself.  j2 is not opposing EasyLink's motion to add these
24  claims in one of the related cases.

---

26  [1]    Although Open Text titled its proposed amended counterclaims the "First
        Amended Counterclaims," in fact it previously amended its counterclaims
27      twice, and then filed counterclaims substantially similar to its Second
        Amended Counterclaims in response to j2's First Amended Complaint.  (*See*
28      Dkt. Nos. 59, 117, 126.)

                                     -1-

Open Text's new inequitable conduct allegations should also not be allowed on the eve of the discovery cutoff. The allegations have been known to Open Text for months or years, and Open Text's failure to raise them until only two months are left in the fact discovery period is unjustifiable. Accordingly, the Court should deny Open Text's Motion.

## BACKGROUND

j2 filed this action on June 26, 2008 in the Eastern District of Texas, alleging infringement of U.S. Patent Nos. 6,597,688 ("'688 patent") and 7,020,132 ("'132 patent"). On August 20, 2008, Open Text answered the Complaint and asserted counterclaims seeking declaratory judgments of invalidity and non-infringement of the two asserted patents.

On May 29, 2009, the Eastern District of Texas transferred the action to this District, where it was assigned to this Court. On September 15, 2009, j2 filed its First Amended Complaint For Patent Infringement ("First Amended Complaint"), which added claims for infringement of U.S. Patent Nos. 6,208,638 ("'638 patent") and 6,350,066 ("'066 patent"). On October 15, 2009, Open Text answered the First Amended Complaint and filed its Counterclaim seeking declaratory judgments of invalidity and non-infringement of each of the four asserted patents.

The parties began discovery while the case was still in the Eastern District of Texas. Although discovery has been open since 2008, Open Text did not take its first deposition until November 2011. The case schedule has been continued several times, but currently the fact discovery cutoff is set for December 21, 2012. (Dkt. No. 334.) The deadline to complete expert discovery is April 4, 2013 and trial is set for September 17, 2013. (*Id.*)

-2-

<u>**ARGUMENT**</u>

**I.    Legal Standard**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading to which the opposing party has responded "only with the opposing party's written consent or the court's leave."  Although Rule 15 states that the Court should freely give leave "when justice so requires," *id.*, leave to amend "is not to be granted automatically."  *Jackson* v. *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foreman* v. *Davis*, 371 U.S. 178, 182 (1967)).  Rather, "the liberality in granting leave to amend is subject to several limitations."  *Id.*

A court should deny leave to amend where the amendment:  (1) would cause the opposing party undue prejudice, (2) is sought in bad faith, (3) is futile, or (4) would produce an undue delay in the litigation.  *See AmerisourceBergan Corp.* v. *Dialysis W.*, 465 F.3d 946, 951 (9th Cir. 2006); *Ascon Props., Inc.* v. *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD Programs, Ltd.* v. *Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).  Moreover, when a party has previously been given an opportunity to amend its pleading, the court has greater discretion to deny leave to amend.  *Ascon Props., Inc.*, 866 F.2d at 1160.  Given the lengthy history of this case, the Court should not permit Open Text's eleventh-hour amendments.

**II.    Open Text Should Not Be Given Leave to Add New Claims.**

Adding brand-new tortious interference and unfair competition claims at this point would unduly delay this litigation.  The proposed new claims are based on the allegation that a j2 employee told a potential customer of EasyLink that any competitive Internet fax service would infringe j2's patents.  (Prop. Am. Compl. (Dkt. No. 337-1) ¶¶ 119-20.)  As an initial matter, the claims are futile.[2]  If a j2 employee made that statement, it was protected by the litigation privilege.  *See* Cal. Civ. Code § 47.  Even if the statement were not privileged, it did not injure

---

[2]    If the amendment is allowed, j2 will move to dismiss the new claims pursuant to Fed. R. Civ. P. 12(b)(6).

1   Open Text—the customer allegedly was considering using *EasyLink's* services.
2   Open Text cannot assert a claim based on a statement that could only have injured
3   EasyLink.  Moreover, EasyLink seeks to assert the same claims, based on the same
4   single statement, in two related cases.[3]  Even if Open Text had standing to assert a
5   claim based upon conduct involving its wholly-owned subsidiary EasyLink, the
6   same cause of action cannot be split among three separate cases.

7           Even passing the inadequacies in the proposed claims, they are based
8   principally on facts that are distinct from the facts at issue in j2's patent
9   infringement claims, such as what the j2 employee said long after this litigation
10  was begun and whether the alleged statement injured EasyLink or Open Text.  And
11  they raise legal issues distinct from the legal issues in the infringement case, such
12  as the scope of the litigation privilege.  In short, the proposed new claims are
13  distinct from j2's patent infringement claims, and there is no reason they should,
14  much less must, be litigated together.  Adding them to the case now will require (i)
15  at least one round of pleading motions, which will likely not be complete until at
16  least January 2013; and (ii) significant additional discovery.  Although Open Text
17  conclusorily states that little additional discovery will be needed, in fact j2 will
18  require, at a minimum:

19          •    Written discovery and document requests regarding the basis
20               for Open Text and EasyLink's allegations;
21          •    Depositions of the potential customer and reseller to whom
22               Open Text alleges j2 made a false statement;
23          •    Depositions of both Open Text and EasyLink regarding their
24               alleged damages;

25
26  ───────────────
27  [3]    *j2 Global Communications, Inc.* v. *EasyLink Services Int'l Corp.*, No. 09-
         4189 DDP; *Advanced Messaging Technologies, Inc.* v. *EasyLink Services
28       Int'l Corp.*, No. 11-4239.

-4-

1        •      Additional depositions should Open Text and EasyLink assert

2             that j2 made improper statements to other customers.[4]

3 Open Text and EasyLink will presumably also seek documents and depositions

4 from j2.  This new discovery cannot possibly get done before the December 21 fact

5 discovery cutoff.

6        Given the rapidly approaching fact discovery cutoff and the length of

7 time this case has been pending already, to permit amendment now would produce

8 an undue delay in the litigation and delay the operative trial schedule.  *See Loehr* v.

9 *Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (upholding

10 denial of a motion to amend where the claims sought to be added "would have

11 substantially complicated and delayed the case").  Open Text should be required to

12 bring the tortious interference and unfair competition claims in the second

13 EasyLink case (No. 11-4239), where they can be fully litigated without delaying

14 j2's four-year-old infringement claims.  j2 is not opposing EasyLink's proposed

15 amendments to its counterclaims in that action.[5]

16 **III.  Open Text Should Not Be Given Leave to Add New Invalidity**

17       **Allegations.**

18        Open Text also seeks to "add new facts recently discovered during

19 this litigation in support of . . . a declaration that certain j2 patents are

20 unenforceable due to inequitable conduct."  (Memo. at 1.)  That request should be

21 rejected as well, because the facts were not "recently discovered."  For example,

22 Open Text argues that it did not delay in asserting the new allegation that a web

23 posting by a man named David Farber in 1996 shows that Mr. Farber was using

---

24 [4]     Should the Court grant Open Text leave to amend its counterclaims, j2

25 respectfully requests that the Court also grant j2 relief from the presumptive limits on depositions and interrogatories so that j2 has a fair opportunity to

26 take discovery related to the new claims.

27 [5]     j2 does not believe the allegations state valid claims and will move in the

28 second EasyLink case to dismiss them, but it does not oppose a motion to amend in that case on timeliness grounds.

-5-

j2's service more than a year before j2 applied for the relevant patent.  (*Id.* at 2.)
But Open Text has admitted in correspondence that j2 produced documents
regarding Dr. Farber in January 2010 and that "a simple Google search reveals a
1996 New York Times article in which Dr. Farber discussed jFax."  (Declaration
of Edward E. Johnson ("Johnson Decl."), Ex. A at 5.)  Indeed, at a conference
before the Court on October 24, in seeking to avoid disqualification, counsel for
Open Text told the Court that he had known about Mr. Farber since 2010. (*Id.* Ex.
B, Tr. of 10/24/12 Conference at 19.)

Open Text also seeks to add allegations about copyright and
trademark filings by j2, and assorted Internet postings and advertisements, from
around 1995 and 1996.  (Proposed Am. Countercl. ¶¶ 34, 39, 41-46, 56-57, 59-60.)
Passing that none of these allegations, if true, would evidence any inequitable
conduct, all of the information that Open Text wants to add with these allegations
has been publicly available for fifteen years.  There is no excuse for Open Text
waiting until now to raise these allegations about j2's public statements.

If there was any doubt about the availability of this information, it was
dispelled six months ago when EasyLink—whose counsel have worked closely
with Open Text's counsel under a joint defense agreement—filed counterclaims in
a related case making very similar allegations to those Open Text seeks to assert
here.  *See Advanced Messaging Technologies, Inc.* v. *EasyLink Services Int'l
Corp.*, No. 11-4239, Dkt. No. 49.  There is no justification for Open Text waiting
six months—out of the eight months left in discovery—after EasyLink made these
same allegations in a different case to seek leave to add these matters into this
action.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND COUNTERCLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, j2 respectfully requests that the Court deny Open Text's Motion for Leave to Amend Counterclaims.

Dated:  October 29, 2012

Respectfully submitted,

/s/  Robert A. Sacks

Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4700
(650) 384-4701 facsimile

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*