Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:   (310) 712-6600
Fax:   (310) 712-8800

Frank L. Bernstein (SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.:   (650) 384-4700
Fax:   (650) 384-4701

*Attorneys for Plaintiffs j2 Global, Inc.
and Advanced Messaging Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CAPTARIS, INC. AND OPEN TEXT CORPORATION,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No. CV 09-4150 DDP (AJWx)<br><br>**RESPONSE TO EVIDENTIARY OBJECTIONS TO DECLARATION OF FRANK L. BERNSTEIN IN SUPPORT OF j2 GLOBAL, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.'S MOTION TO DISQUALIFY PERKINS COIE LLP AND TO COMPEL DISCOVERY**<br><br>Judge:       Hon. Dean D. Pregerson<br>Courtroom: 3<br>Hearing:     November 19, 2012<br>Time:        10:00 a.m.<br><br>Fact Discovery Cutoff: Dec. 21, 2012<br>Pretrial Conference:    Aug. 26, 2013<br>Trial Date:             Sept. 17, 2013 |

1  Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.
2  ("j2") reply as follows to the evidentiary objections of Defendants Captaris, Inc.
3  and Open Text Corporation ("Open Text") and non-party Perkins Coie, LLP to the
4  Declaration of Frank L. Bernstein.

| **Declaration Portion** | **Objections** | **Response** |
|---|---|---|
| 1. Paragraph 4, p. 1: l. 9: "Kenyon has represented j2 in patent litigation since 2004." | Foundation. (Federal Rules of Evidence, Rule 602.) | Paragraph 2, not paragraph 4.<br><br>Personal knowledge; public record (docket sheets). |
| 2. Paragraph 5, p. 1: ll. 24-25: "In 2004 and 2005, Mr. Findley was one of the Kenyon lawyers representing j2 in patent litigation." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) | Personal knowledge (partner in firm with access to records).<br><br>Objected-to paragraph does not contain an out-of-court statement offered for truth of matter asserted; Federal Rules of Evidence 803(6), 804, 807. |
| 3. Paragraph 6, p. 1: l. 27: "Mr. Findley billed a total of 234.7 hours to j2 matters." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) | Personal knowledge (partner in firm with access to records);.<br><br>Not hearsay—description of business record offered to be provided to the Court; Federal Rules of Evidence 803(6), 804, 807. |

| | **Declaration Portion** | **Objections** | **Response** |
|---|---|---|---|
| | 4. Paragraph 7, p. 2: ll. 1-3: "He billed 69.8 hours to the Venali Action and 84.6 hours to the Callwave Action. He also billed 56 hours to 'Bobo patent analysis.' The '066 patent, at issue in Case Nos. 09-4150 and 11-4239, is one of the Bobo patents." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) | Personal knowledge (partner in firm with access to records).<br><br>Not hearsay—description of business record offered to be provided to the Court; Federal Rules of Evidence 803(6), 804, 807. |
| | 5. Paragraph 8, p. 2: ll. 4-10: "Based upon my review of Mr. Findley's time entries, he was involved in, inter alia, reviewing claim charts, performing infringement analyses, searching for and analyzing prior art, drafting a validity opinion, analyzing documents for a settlement conference, reviewing and commenting on draft pleading, discussing discovery strategies, drafting discovery requests and responses, and drafting j2's opposition to a summary judgment motion in the Venali Action." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) Legal conclusion, invading province of Court. (*Nationwide Transp. Fin. v. Cass Info. Sys.* (9th Cir. 2008) 523 F.3d 1051, 1058, 1060.) | Personal knowledge (partner in firm with access to records).<br><br>Not hearsay—description of business record offered to be provided to the Court; Federal Rules of Evidence 803(6), 804, 807.<br><br>No legal conclusion proffered. |

-2-

<mark>
<mark>
</mark>
</mark>

| **Declaration Portion** | **Objections** | **Response** |
|---|---|---|
| 6. Paragraph 9, p. 2: ll. 13-14: "Mr. Findley sent, received or was copied on over 120 emails to or from j2's General Counsel. | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) | Personal knowledge (partner in firm with access to records). <br><br> Objected-to paragraph does not contain an out-of-court statement offered for truth of matter asserted; Federal Rules of Evidence 803(6), 804, 807. |
| 7. Paragraph 10, p. 2: ll.15-17: "These emails concern many different subject areas, including claim construction issues, infringement issues, prior art, and analyses of various legal questions." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) Legal conclusion, invading province of Court. (*Nationwide Transp. Fin. v. Cass Info. Sys.* (9th Cir. 2008) 523 F.3d 1051, 1058, 1060.) | Personal knowledge (partner in firm with access to records). <br><br> Objected-to paragraph does not contain an out-of-court statement offered for truth of matter asserted; Federal Rules of Evidence 803(6), 804, 807. <br><br> No legal conclusion proffered. |

-3-

| | **Declaration Portion** | **Objections** | **Response** |
|---|---|---|---|
| | 8. Paragraph 11, p. 2: ll.18-22: "Mr. Findley was privy to j2's litigation strategies as he was, among other things, involved in researching and drafting j2's Opposition to Defendant's Summary Judgment Motion in the Venali Action revising j2's amended complaint in the CallWave Action, and drafting responses to the defendants' interrogatories and document requests." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) Legal conclusion, invading province of Court. (*Nationwide Transp. Fin. v. Cass Info. Sys.* (9th Cir. 2008) 523 F.3d 1051, 1058, 1060.) | Personal knowledge (partner in firm with access to records).<br><br>Not hearsay—description of business record offered to be provided to the Court; Federal Rules of Evidence 803(6), 804, 807.<br><br>No legal conclusion proffered. |
| | 9. Paragraph 12, p. 2: ll. 23-17: "On July 1, 2005, Mr. Findley received an email that attached a detailed, three-page memorandum analyzing possible defenses, including the on-sale bar defense, which Open Text and EasyLink are currently asserting. The July 1, 2005 email that Mr. Findley received as j2's lawyer specifically discussed David Farber." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) Legal conclusion, invading province of Court. (*Nationwide Transp. Fin. v. Cass Info. Sys.* (9th Cir. 2008) 523 F.3d 1051, 1058, 1060.) | Personal knowledge (partner in firm with access to records).<br><br>Not hearsay—description of business record offered to be provided to the Court; Federal Rules of Evidence 803(6), 804, 807.<br><br>No legal conclusion proffered. |

-4-

| | **Declaration Portion** | **Objections** | **Response** |
|---|---|---|---|
| | 10. Paragraph 13, p. 3: ll. 1-7: "On July 27, 2012, I attended the deposition of David Farber. Mr. Findley also attended the deposition, and stated that he was there on behalf of Open Text as its 'outside in-house counsel.' Until Mr. Farber's deposition, to my knowledge j2 had not been notified that Mr. Findley was representing Open Text, and no conflict waiver has been requested from j2. I immediately notified Mr. Findley and the Perkins Coie and King & Spalding attorneys who attended the deposition of Mr. Findley's conflict and objected on the record." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) Legal conclusion, invading province of Court. (*Nationwide Transp. Fin. v. Cass Info. Sys.* (9th Cir. 2008) 523 F.3d 1051, 1058, 1060.) | Personal knowledge.<br><br>Federal Rules of Evidence 801(d)(1), 801(d)(2), 807.<br><br>No legal conclusion proffered. |
| | 11. Paragraph 14, p. 3: ll. 8-10: "j2 served a privilege log on August 10, 2011 to Open Text, which included at least twenty-five entries identifying Mr. Findley as a sender or recipient of privileged communications." | Hearsay. (Federal Rules of Evidence, Rule 802.) Foundation. (Federal Rules of Evidence, Rule 602.) Legal conclusion, invading province of Court. (*Nationwide Transp. Fin. v. Cass Info. Sys.* (9th Cir. 2008) 523 F.3d 1051, 1058, 1060.) | Personal knowledge.<br><br>Objected-to paragraph does not contain an out-of-court statement offered for truth of matter asserted.<br><br>No legal conclusion proffered. |

-5-

| | |
|---|---|
| Dated: November 5, 2012 | Respectfully submitted, |
| | /s/ Robert A. Sacks |
| | Robert A. Sacks (SBN 150146)<br>Brian R. England (SBN 211335)<br>Edward E. Johnson (SBN 241065)<br>SULLIVAN & CROMWELL LLP<br>1888 Century Park East, Suite 2100<br>Los Angeles, California 90067-1725<br>(310) 712-6600<br>(310) 712-8800 facsimile |
| | Frank L. Bernstein (SBN 189504)<br>KENYON & KENYON LLP<br>1801 Page Mill Road, Suite 210<br>Palo Alto, California 94304-1216<br>(650) 384-4700<br>(650) 384-4701 facsimile |
| | *Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.* |