UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS INC., and ADVANCED MESSAGING TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CAPTARIS, INC., and OPEN TEXT CORPORATION,<br><br>Defendants.<br><br>And Related Counterclaims | Case No. 09-cv-4150-DDP (AJWx)<br><br>**[Proposed Form of] Order Granting-In-Part and Denying-In-Part j2 Global, Inc. and Advanced Messaging Technologies, Inc.'s Motion To Disqualify Perkins Coie LLP and To Compel Discovery**<br><br>Judge:   Hon. Dean D. Pregerson |

This matter has come before the Court on j2 Global, Inc.'s and Advanced Messaging Technologies, Inc.'s Motion to Disqualify Perkins Coie LLP and To Compel Discovery (the "Motion to Disqualify"). The Court, having considered all moving and opposing papers and applicable arguments of counsel, hereby ORDERS:

    (a)  Perkins Coie LLP ("Perkins") and defendants Captaris, Inc. and Open Text Corporation ("Open Text") (collectively, "Defendants") may not have

any future communications with Mr. Clyde Findley or Crowell & Moring LLP ("Crowell") concerning the subject matter of the litigation *j2 Global Communications Inc., et al. v. Captaris, Inc., et al.*, Case No. 09-cv-4150 DDP (AJWx) ("this Action"), however, nothing herein prevents Defendants from communicating with Crowell about any potential claims they may have against Crowell relating to the Motion to Disqualify, the matters raised therein, and the resolution thereof;

    (b)  The deposition testimony of Dr. David Farber is stricken from the record, and may not be used by any party, for any purpose in this Action;

    (c)  Neither plaintiffs nor Defendants may take Dr. Farber's deposition again in this Action, or call him as a witness at trial in this Action;

    (d)  Perkins must place an ethical wall around the Perkins attorney who represented Open Text at Dr. Farber's deposition, Mr. David Palmer, sufficient to prevent him from communicating with any Perkins personnel, Defendants' personnel, or other of Defendants' attorneys regarding the subject matter of this Action;

    (e)  Defendants must place an ethical wall around Open Text's in-house attorney Mr. Douglas Parker, sufficient to prevent Mr. Parker from communicating with any of Defendants' personnel or attorneys (including outside attorneys such as Perkins) regarding the subject matter of this Action;

    (f)  Defendants must reimburse plaintiffs' reasonable attorneys' fees incurred in connection with the Motion to Disqualify, provided that plaintiffs provide the Court and Defendants with adequate proof as to the amount and reasonableness of such fees; and

    (g)  the Motion to Disqualify is otherwise DENIED with prejudice.

1        To the extent the Court has included in this Order measures, remedies or
2  terms that differ from those contained in Defendants' proposed Order, Defendants
3  are not deemed to have waived the right to challenge such measures, remedies or
4  terms on appeal or in proceedings before a Court of Appeals.

      IT IS SO ORDERED

Signed on this _____ day of _____, 2012

      _____
      Hon. Dean D. Pregerson
      United States District Judge