Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:  (310) 712-8800

Frank L. Bernstein (SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.:  (650) 384-4700
Fax:  (650) 384-4701

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br>             Plaintiffs, <br><br>     v. <br><br>CAPTARIS, INC. AND OPEN TEXT CORPORATION, <br><br>             Defendants. <br><br>AND RELATED CROSS-ACTION | Case No. CV 09-4150 DDP (AJWx) <br><br>**PLAINTIFFS j2 GLOBAL, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE ADDITIONAL BRIEFING** <br><br>Fact Discovery Cutoff: Dec. 21, 2012 <br> Pretrial Conference:  Aug. 26, 2013 <br> Trial Date:  Sept. 17, 2013 |

Open Text's and EasyLink's (collectively "Open Text") request, through newly-appearing additional counsel, to delay this matter further for three more rounds of briefing should be denied. There have already been multiple rounds of briefing, including a 20 page sur-reply filed by Open Text at the Court's invitation, the last written words on this matter, three rounds of in-court oral argument, and two additional teleconferences with the Court concerning the pending disqualification motion. Although Open Text bases this request on the ground that the relief sought by j2 "has not previously been briefed by the parties," this is not correct.

Open Text suggests that j2's request that members of its in-house counsel team who interacted with Mr. Findley be ethically walled off from this matter has not been addressed in the extensive proceedings on this motion. But that issue has been expressly raised since j2's opening brief. Indeed, the proposed order that Open Text itself submitted to the Court on November 29, 2012 includes a provision providing for an ethical wall around Douglas Parker, Open Text's General Counsel. The difference between j2 and Open Text on this point is that j2 has requested that all in-house attorneys who had direct interaction with Mr. Findley be ethically screened from further involvement in this matter while Open Text prefers to screen only Mr. Parker even though Mr. Davies and perhaps others have been tainted. This issue has been raised several times. For example:

- j2's original moving papers expressly noted that Mr. Findley's consultations with Open Text's in-house counsel likely irreparably tainted them as well, and asked the Court to consider ethically walling them off from further participation in this matter. (Opening Br. at 2.)
- During the initial hearing on the Motion, before Open Text was required to file its opposition, Mr. Sacks also expressly raised with the Court the possibility that in-house lawyers at Open Text who were

-1-

tainted by Mr. Findley needed to be identified and walled off. (Oct. 24th Trans. at 36.)

- Open Text opposed j2's request that the Court consider whether additional discovery was necessary in order to establish whether, and which, Open Text in-house counsel would need to be walled off. (Opp. at 25.)

- j2's Reply Brief, submitted on November 5th, expressly stated: "As such, Perkins Coie should be disqualified and the two internal Open Text lawyers who have been working with Findley should be walled off from further involvement." (Reply. Br. at 7.) The conclusion of that brief likewise expressly sought an ethical screen of in-house Open Text counsel, "For the foregoing reasons, j2 respectfully requests that the Court disqualify Perkins Coie, and wall off Open Text's in-house counsel who have had contact with Findley." (Reply Br. at 25.)

- During the November 19th hearing, Mr. Sacks, on behalf of j2, specifically noted that in addition to Perkins Coie lawyers, internal Open Text lawyers were also involved with Mr. Findley and that there is no practical way to excise their knowledge and exposure short of disqualification. (Nov. 19th Trans. at 9.)

- The proposed Order submitted by Open Text on November 29 requires in sub-section (e) that Open Text place an ethical wall around Douglas Parker.

Similarly incorrect is Open Text's suggestion that evidentiary sanctions linked to Mr. Findley's prior work for j2 at Kenyon & Kenyon and his actual participation in proceedings in this action have not already been addressed. Evidentiary sanctions were expressly discussed during the conference call with the Court on November 30. Moreover, the Court itself raised the possibility that

-2-

depending upon the egregiousness of conduct, the appropriate sanction in this case could be an evidentiary sanction, up to and including the striking of Open Text's answer. (Nov. 6th Trans. at 13-14.) In addition, the proposed Order submitted by Open Text on November 30 to which j2 was responding itself includes such a sanction in sub-parts (b) and (c) – the striking of the deposition of Mr. Farber and a prohibition against him being called as a witness. j2's proposed Order simply adds that the defense that was based on this testimony is also stricken.

Given that the Court already has a complete and robust record that Open Text has supplemented several times, j2 respectfully requests that the Court deny Open Text's request to file additional briefing and rule on the motion.

Dated: December 6, 2012            Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4700
(650) 384-4701 facsimile

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*