Brad D. Brian (State Bar No. 079001)
Stuart N. Senator (State Bar No.: 148009)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702
Brad.Brian@mto.com
Stuart.Senator@mto.com

Special Counsel for Defendants / Counterclaimants
CAPTARIS, INC. and OPEN TEXT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS INC., and ADVANCED MESSAGING TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPTARIS, INC. and OPEN TEXT CORPORATION,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | CASE NO.  CV 09-4150-DDP (AJWx)<br><br>**[1] DEFENDANTS' REPLY BRIEF IN SUPPORT OF *EX PARTE* APPLICATION FOR TELEPHONIC CONFERENCE AND SUPPLEMENTAL BRIEFING OF ADDITIONAL ISSUES IN CONJUNCTION WITH RESOLUTION OF MOTION TO DISQUALIFY** |

1    There is no legitimate dispute that plaintiffs' proposed order goes beyond the issues that have been previously briefed and argued.  Whether or not issues related to the sanctions that plaintiffs have now proposed came up at some point, this is not a substitute for formal briefing, presentation of evidence and argument, especially when the proposed sanctions are substantive in nature, are dispositive of certain defenses, and would obstruct Open Text's litigation of this case.  *See, e.g., Oregon RSA No. 6 v. Castle Rock Cellular of Oregon Limited Partners,* 76 F.3d 1003, 1007 (9th Cir. 1996) (reversing sanctions award for lack of a hearing).

The standard for imposing evidentiary sanctions and terminating sanctions (which is what the striking of defenses would be) is not the same as the standard for disqualification.  For example, the Ninth Circuit has held that "a finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995).  There has been no briefing on whether that standard is met here (such as on whether Open Text has acted willfully or in bad faith).  To impose evidentiary or terminating sanctions where there has been no presentation on whether the rigorous standard for imposing such sanctions has be met would be contrary to the law and highly prejudicial to Open Text.  *See Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 873 (9th Cir. 1992) ("The next point raised by the Ulloas has merit, however. It is that they never received "an appropriate hearing," *id.,* and had no proper opportunity in the district court to contest the questions of bad faith and the amount of the sanctions. ).

Likewise, although plaintiffs reference the proposed order recently submitted by defendants, defendants' expression of potential willingness to accept a particular remedy is not a concession that more severe remedies of the same "type" would be appropriate.  Indeed, even if the Court concludes that a certain type of

1  remedy is appropriate, defendants should have an opportunity to contest the
2  "amount" or magnitude of such remedy.
3            The flaws in plaintiffs' argument are illustrated by plaintiffs' cursory
4  discussion of their belated proposal for the Court's striking of certain defenses.
5  Plaintiffs depict defendants' defenses as co-extensive with the issues raised during
6  Dr. Farber's deposition.  But plaintiffs' current position is difficult to reconcile with
7  their proposed order, which could be construed as seeking the dismissal of *all* of
8  defendants' invalidity and inequitable conduct defenses.  Indeed, most of
9  defendants' defenses involve issues that have no even arguable nexus to Dr. Farber
10 or Mr. Findley.  For example, as further briefing on this issue would show, one of
11 the bases of defendants' defenses is that the very products that plaintiffs accuse of
12 infringement actually pre-dated the asserted patents.  In other words, if the accused
13 products are deemed to infringe, then the existence of the accused products would
14 also have the effect of invalidating the patents.  Defendants also rely on other prior
15 art references that are completely unrelated to any work by Dr. Farber, or any work
16 that Mr. Findley may have performed when he was an associate at Kenyon &
17 Kenyon.  Striking such defenses on the current record would be improper, highly
18 prejudicial and would not remedy the alleged misconduct that gives rise to
19 plaintiffs' motion to disqualify.

20 DATED: December 6, 2012           MUNGER, TOLLES & OLSON LLP

22                                    By:    */s/ Brad D. Brian*
23                                              Brad D. Brian

24                                    Special Counsel for Defendants /
                                      Counterclaimants
25                                    *Captaris, Inc. and Open Text Corporation*