1 Brad D. Brian (State Bar No. 079001)
Stuart N. Senator (State Bar No.: 148009)
2 MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
3 Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
4 Facsimile: (213) 687-3702
Brad.Brian@mto.com
5 Stuart.Senator@mto.com

6 Special Counsel for Defendants / Counterclaimants
CAPTARIES, INC. and OPEN TEXT CORPORATION
7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  J2 GLOBAL COMMUNICATIONS INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br>     Plaintiffs, <br><br> vs. <br><br> CAPTARIS, INC. and OPEN TEXT CORPORATION, <br><br>     Defendants. <br><br> AND RELATED CROSS-ACTIONS | CASE NO. CV 09-4150-DDP (AJWx) <br><br> **DECLARATION OF JACK HARWOOD REGARDING SCREENING PURSUANT TO REMEDIES PARAGRAPH 3 OF THE COURT'S DECEMBER 19, 2012 ORDER** |

I, Jack Harwood, declare:

1. I am an attorney currently employed as General Counsel by the EasyLink Services International Corporation ("EasyLink") subsidiary of Open Text Corporation ("Open Text"). I make this declaration based on my personal knowledge; if called upon as a witness, I could and would testify competently to the facts stated herein.

2. This Declaration is submitted pursuant to paragraph 3 of the "Remedies" section of this Court's Order filed in this action on December 19, 2012 ("December 19 Order").

3. I was employed by EasyLink prior to acquisition of EasyLink by Open Text on July 2, 2012. My primary professional focus and expertise is on corporate commercial activities, including negotiating commercial agreements and managing commercial litigation, and not on patent litigation management. While at EasyLink, I provided basic logistical support for its litigation against j2 litigation, which was primarily managed directly by EasyLink's former Chief Financial Officer, Glen Shipley. Clyde Findley was not retained by EasyLink, and I had no involvement with Mr. Findley prior to Open Text's acquisition of Easy Link.

4. Upon the acquisition of EasyLink by Open Text, Open Text assumed responsibility for the j2 litigation against EasyLink. Since the acquisition of EasyLink by Open Text, my involvement in these litigations has been limited. I do not believe that I have had any substantive communications with Mr. Findley about these litigations. I do not believe that I have received any confidential j2 information from Mr. Findley. The only communications about these litigations to which I am aware that Mr. Findley and I were both parties are detailed below.

5. I have never met Mr. Findley in person or participated in an in person meeting with Mr. Findley.

6. In conjunction with these litigations, I have participated in one telephone conference as to which Mr. Findley was on the electronic calendar invite.

1  Other counsel more directly involved in these litigations also participated.  I do not
2  recall if Mr. Findley actually attended this call.  If Mr. Findley actually attended the
3  call, he may have introduced himself, I do not recall him making any substantive
4  comments or providing any substantive input on the call.

5         7.    I have reviewed my emails and found 20 email chains[1] in which
6  Clyde Findley was on one or more of the emails in the chain.  There is much
7  overlap among the 20 chains which, when eliminated, results in just 4 distinct
8  groups of emails.  Mr. Findley was merely a recipient of one or more of the emails
9  in the first two groups of emails, but did not himself author any of the emails in
10 these groups.  The third group of emails concerned a scheduling stipulation that j2
11 proposed and that I understand was subsequently agreed upon by all parties and
12 filed with the Court.  Mr. Findley authored a one sentence email in this group that
13 was limited to the subject of approval of the scheduling stipulation.  The fourth
14 email group relates to the subject of a potential motion for spoliation of evidence by
15 j2, which I understand was eventually filed with this Court.  Mr. Findley authored
16 one email in this group as well in which, in response to another email on the
17 subject, Mr. Findley requested that he be kept informed.  I did not provide any
18 substantive responses to these emails.  Because of my title of General Counsel for
19 EasyLink, I believe I was copied strictly for information purposes in the file
20 transition period shortly after the acquisition of EasyLink by Open Text.  (Open
21 Text will submit these emails to the Court *in camera* if the Court would like to
22 review them.)

23        8.    I have on occasion communicated with others at Open Text and
24 outside counsel about these litigations.  I have reviewed the declarations filed in
25 opposition to the motion to disqualify Perkins Coie, in which various lawyers
26 testify under penalty of perjury that they do not believe that they have received any
27 j2 information from Mr. Findley.  Based on these declarations and to the best of my

---

[1] The calendar invite referenced in the prior paragraph is not included in this figure.

knowledge and belief, I am not aware that I have had a substantive communication containing information of j2 for which Mr. Findley was the source with any person.

9. It is unclear to me whether paragraph 3 of the "Remedies" section of the December 19 Order is intended to require screening of an Open Text lawyer solely based upon such lawyer's having had substantive communications with another person who may in turn have received from Mr. Findley *any* information concerning this action, or instead is not meant to require screening unless the other person may have received from Mr. Finley any information *about j2* concerning this action. While I may have had a substantive communication with another person who received information that was not about j2 from Mr. Findley, as stated in paragraph 8, based upon my personal knowledge as well as my review of the declarations filed in opposition to j2's disqualification motion, I am not aware that I have received any information about j2 from anyone who may in turn have received that information from Mr. Findley.

10. In conclusion, and as set forth in more detail above, I believe that I have no confidential j2 information and I believe that I have never, directly or indirectly, substantively communicated about these litigations with Clyde Findley.

1  I declare under penalty of perjury under the laws of the United States
2  of America that the foregoing is true and correct.
3  Executed this 11th day of January 2013, at 6025 The Corners Parkway,
4  Norcross, Georgia 30092.

*/s/ Jack Harwood*

Jack Harwood