Brad D. Brian (State Bar No. 079001)
Stuart N. Senator (State Bar No.: 148009)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702
Brad.Brian@mto.com
Stuart.Senator@mto.com

Special Counsel for Defendants / Counterclaimants
CAPTARIS, INC. and OPEN TEXT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CAPTARIS, INC. and OPEN TEXT CORPORATION, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | CASE NO.  CV 09-4150-DDP (AJWx) <br><br> **DEFENDANTS' NOTICE OF FILING EMAIL COMMUNICATIONS WITH COURT CLERK** |

1  PLEASE TAKE NOTICE that, for the record, Defendants in these
2  related cases hereby file as Exhibit A hereto, prior email communications with the
3  Court Clerk in conjunction with Defendants' Ex Parte Application, Docket No. 399.
4
5  DATED:  January 11, 2013           MUNGER, TOLLES & OLSON LLP
6
7                                      By:   */s/ Stuart N. Senator*
8                                             Stuart N. Senator
9                                      Special Counsel for Defendants /
                                        Counterclaimants
10                                      CAPTARIS, INC. and OPEN TEXT
                                        CORPORATION

# Exhibit A

**From:** Senator, Stuart
**Sent:** Monday, December 17, 2012 1:11 PM
**To:** England, Brian R.; John_Chambers@cacd.uscourts.gov
**Cc:** Brian, Brad; Sacks, Robert A.; Carroll, Timothy J. (Perkins Coie); Edith Matthai
**Subject:** RE: j2 v. Open Text and related cases, Case Nos. CV 09-4150, 09-4189, 09-4239

Dear Mr. Chambers,

I write on behalf of Open Text in reply to the below communication from j2, and request that the Court permit the supplemental submissions in question.

As discussed further in Open Text's ex parte application that was filed on December 5, 2012, there has been no briefing on the potential relief that Open Text proposes to brief, and the potential relief was not formally requested by j2 until j2 lodged its November 30, 2012 proposed order.  j2's reference to extensive prior briefing only highlights the fact that these two proposed remedies have not been briefed.

There is also no basis to deny Open Text permission to submit record evidence relevant to the relief that is sought by j2's November 30, 2012 proposed order.  Nor is there a basis for imposing a subject matter privilege waiver as a condition to submitting the proposed Findley declaration.  For example, j2's recent in camera submission of an unknown number of documents containing j2 work product and attorney-client communications was not deemed a privilege waiver, let alone a subject matter privilege waiver, by j2.  In any event, the declaration would not discuss any privileged Open Text information.  Rather, it is a declaration that would be similar to declarations of the allegedly conflicted lawyer that are routinely submitted in opposition to disqualification motions, and which no court of which we are aware (or to which j2 has pointed) has ever suggested should result in a subject matter privilege waiver

by the party opposing disqualification.

We thank the Court for its consideration.

Sincerely,

/s/

Stuart N. Senator

cc:  Robert Sacks and Brian England, Sullivan & Cromwell (opposing counsel)

**Stuart N. Senator** | **Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9528 | stuart.senator@mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** England, Brian R. [mailto:EnglandB@sullcrom.com]
**Sent:** Monday, December 17, 2012 10:25 AM
**To:** Senator, Stuart; John_Chambers@cacd.uscourts.gov
**Cc:** Brian, Brad; Sacks, Robert A.; Carroll, Timothy J. (Perkins Coie); Edith Matthai
**Subject:** RE: j2 v. Open Text and related cases, Case Nos. CV 09-4150, 09-4189, 09-4239

Mr. Chambers,

We write in response to Open Text's December 14, 2012 email, and respectfully request that the Court deny Open Text's request to file an additional 15 page brief and two new declarations.  Open Text seeks to argue that neither Perkins Coie nor its in-house counsel should be screened from Open Text's new counsel, but, as the Court has recognized, permitting tainted lawyers to consult with Open Text's new counsel about the case would entirely undermine the purpose of disqualifying Perkins Coie in the first place.  There is no need to belabor this issue with further briefing given the extensive briefing Open Text previously submitted, including a twenty-plus page sur-reply, and the multiple arguments the Court has already heard.

Moreover, although the Court granted Open Text leave to email the Court with suggestions about how to handle the transition to new counsel, as opposed to further arguments on the merits, Open Text's December 14 email

goes well beyond that.  Open Text now wants to submit a declaration from Clyde Findley relating directly to the merits of the disqualification motion, including self-serving testimony that he did not give j2's information to Open Text.  As the Court has previously ruled, such testimony is inappropriate absent a subject-matter waiver of the attorney-client privilege.

j2 respectfully requests that the Court decline to permit further briefing and issue its Order without delay so that this case can proceed.

---

**From:** Senator, Stuart [mailto:Stuart.Senator@mto.com]
**Sent:** Friday, December 14, 2012 4:34 PM
**To:** John_Chambers@cacd.uscourts.gov
**Cc:** Brian, Brad; rsacks@sullcrom.com; England, Brian R.; Carroll, Timothy J. (Perkins Coie); Edith Matthai
**Subject:** j2 v. Open Text and related cases, Case Nos. CV 09-4150, 09-4189, 09-4239

Dear Mr. Chambers,

I write as Special Counsel to the Open Text entities, to follow up on the December 12, 2012 telephone conference with the Court, as authorized by the Court during the conference.  After conferring with Open Text, and taking into account the Court's statements at the conference, Open Text requests the Court's permission to brief the following two issues:

1.  Whether any in house lawyers should be disqualified; and

2.  The extent to which there may be transition communications between any disqualified lawyers and Open Text's replacement counsel.

Open Text requests permission to file a brief of up to 15 pages, by the end of next week.

Open Text also requests permission to file short declarations of Open Text's Chief Legal Officer Mr. Davies, and of Clyde Findley.  Each declaration would be no more than approximately 3 pages.  The Davies declaration would supplement the prior Davies declaration and provide testimony regarding Mr. Davies responsibilities at Open Text.  The Findley declaration would provide testimony with respect to (1) the general contours of Mr. Findley's assignment, (2) the conflict check of Crowell & Moring in conjunction with this assignment, (3) the extent of Mr. Findley's disclosure of the fact of his prior work (including Mr. Findley's nondisclosure that any work was for j2), (4) Mr. Findley's belief that he did not receive confidential information from j2, did not communicate confidential j2 information to Open Text or its counsel, and, during the time period in which he performed work for Open

Text, had no recollection of the substance of his prior work for j2.

We thank the Court for its consideration.

Sincerely,

/s/

Stuart N. Senator

cc: Robert Sacks and Brian England, Sullivan & Cromwell (opposing counsel)

**Stuart N. Senator | Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel: 213.683.9528 | stuart.senator@mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.